## Case No. 8,794.

### M'GEHEE et al. v. HENTZ et al.

[19 N. B. R. 136.] [1]

District Court, S. D. New York.   Feb. 14, 1879.

BANKRUPTCY — PETITION FILED IN ANOTHER DISTRICT—POWERS AND JURISDICTION — PROCESS — COMPOSITION—BANKRUPT AS CUSTODIAN—RIGHT TO SUE.

1. Every district court in the United States has jurisdiction and authority to make all lawful orders and decrees in bankruptcy, although the original petition in bankruptcy was filed in another district, provided that the relief asked is such as cannot be given by the district court where the original petition was filed, because the persons or property sought to be affected by the order or decree are beyond the reach of its process, and that they are within the reach of the process of the district court whose aid is invoked.

[Cited in Re Tifft, Case No. 14,034.]

2. An order made in a composition proceeding appointing the bankrupts custodians of their property does not put them in the position of an assignee, so that they can maintain a suit under section 4979 [Rev. St.].

[Cited in Re Michel, 6 Fed. 709.]

3. The complainants, who are residents of the state of Louisiana, filed a petition in bankruptcy in that district, and proposed a composition, which was accepted and confirmed, and the complainants appointed custodians of their property, and authorized to protect and collect the same for the purposes of the composition and for the benefit of their creditors. The names and address of the defendants. H. & Co., and the amount of the debt due to them, were entered in the schedule annexed to the petition for composition. Within four months prior to the commencement of the proceedings in bankruptcy, the defendants, H. & Co., who were residents of the state of New York, commenced an action against complainants by publication, and attached a debt due to them from M. & Co., also residents of New York, of a less amount than their claim, and subsequently recovered judgment in said action. In a suit brought to obtain an injunction against H. & Co. and the sheriff to restrain their proceedings on the judgment, and for an accounting and payment of the debt by M. & Co., *held,* that complainants were not entitled to relief in injunction; that, as no assignee has been appointed, the lien of the attachment continues, and is preserved by the bankrupt law [of 1867 (14 Stat. 517)]; and that while H. & Co. are bound by the composition as to their claims in personam against the complainants, their rights in rem against the property attached are not affected or impaired thereby.

[Cited in Re Michel, 6 Fed. 710.]

Wm. E. Sleger, for complainants.

Chambers, Boughton & Prentiss, for Hentz & Co.

CHOATE, District Judge. This is a motion for an injunction in a bill in equity. The complainants [Scott] McGehee, Snowden & Violette, were partners in business, residing and doing business at New Orleans, in the state of Louisiana, and on the 27th of May, 1878, they were adjudicated bankrupts, on their own petition, by the district court for the district of Louisiana. On the same day they filed their petition for a meeting of their creditors, to consider a composition proposed by them. The composition proposed was five cents in one year and ten cents in

[1] [Reprinted by permission.]

two years. Regular proceedings on the petition were had, which resulted in an order, made Nov. 23, 1878, confirming the composition and directing it to be recorded. The defendants, Hentz, Eastwood and Seman, all of the city of New York, and partners composing the firm of Henry Hentz & Co., are creditors of the complainants, and the names and address and the amount of their debt, about nine hundred and thirty-six dollars, were entered in the schedule annexed to the petition for composition. Within four months before the filing of the petition in bankruptcy, Hentz & Co. commenced an action against the complainants in the supreme court of the state of New York, and procured an order of attachment therein, under which they attached a debt then due to the complainants from the firm of Macauley & Co., also residents of New York, the amount of said debt being six hundred and thirty dollars and fifty cents. In that action, the defendants being non-residents, service by publication was ordered, and judgment was entered in favor of the plaintiffs, Hentz & Co., by default, Oct. 11, 1878, and execution issued to the sheriff of New York for one thousand one hundred and fifteen dollars and twenty-six cents. On the 11th of October, 1878, on their own petition, the bankrupt court in Louisiana made an order appointing and confirming the bankrupts as custodians of all their assets, authorizing them to hold, protect, and collect the same for the purpose of the composition and for the benefit of their creditors. The bill is addressed to this court sitting in bankruptcy, and is brought against Hentz & Co. and the sheriff and Macauley & Co., praying an injunction against Hentz & Co. and the sheriff to prevent their further prosecution of their proceedings on the judgment against the attached property, and as against Macauley & Co. an accounting and payment of said debt due the bankrupts.

It is objected by the defendants that this court has no jurisdiction nor any authority to enjoin the enforcement of the judgment and execution; that the complainants' remedy, if any, is in the district court of Louisiana, or, for the purpose of having the attachment dissolved, if entitled to that relief, in the state court where the judgment was recovered. It seems to be settled, however, that every district court in the United States has jurisdiction and authority to make all lawful orders and decrees in bankruptcy, although the original petition in bankruptcy was filed in another district, provided that the relief asked is such as cannot be given by the district court where the petition was originally filed, because the persons or property sought to be affected by the order or decree are beyond the reach of its process, and where they are within the reach of the process of the district court whose aid is thus invoked. Shearman v. Bingham [Case No. 12,762]; Lathrop v. Drake, 91 U. S. 516.

The case is therefore to be judged as if the original petition were filed in this district. Nor is there any doubt of the subject-matter of the action being within the jurisdiction of the court in bankruptcy conferred by Rev. St. § 4972. The suit relates to the ascertainment and liquidation of a lien claimed by a creditor upon the bankrupt's estate. It is a controversy relating to the adjustment of a claim of priority and conflicting interests between a bankrupt and a creditor, and relates to the disposition of the assets. The jurisdiction is clear enough under section 4972, but I cannot accede to the argument of complainants' counsel that the order appointing the bankrupts custodians of their property puts them in the position of an assignee, so that they can maintain a suit in the district or circuit court under section 4979. That section relates to suits by and against assignees only. The order appointing the bankrupts custodians of the assets seems not to be provided for in the bankrupt law. If it has any force, it may be to give them the powers of special receivers; but even then they are not within the provisions of section 4979. The jurisdiction in this case being in a proceeding in bankruptcy. the court has power to enjoin interference with the property of the bankrupts, if a proper case for relief is made out. Rev. St. § 720, does not prohibit such an injunction. Even if the application should have been by petition instead of bill. the bill may be treated as a petition if the complainant is entitled to relief.

On the merits, however, I think the complainants are not entitled to relief on injunction. The attachment which Hentz & Co. procured was, at the commencement of the bankruptcy proceedings, a lien on the property against which they are now proceeding by execution. Being within four months of the filing of the petition. it was liable to be dissolved if the case in bankruptcy had proceeded in due course to the appointment of an assignee; but, unless an assignee is so appointed. the lien continues, and is preserved by the bankrupt law. In re Clapp [Case No. 2,785]; In re Irons [Id. 7,067]. The cases cited to the contrary in the state courts have not received the approval of the federal courts. Miller v. Mackenzie [43 Md. 404]; Smith v. Engle [44 Iowa, 265]. Now, in the present case, if the appointment of an assignee were in the due course of the proceedings to be anticipated, the creditor having the voidable attachment would, doubtless, pending the question of such appointment, be restrained from enforcing his lien. But, in the present case, the bankrupts and the creditors have elected, as they have a right to do, an entirely different mode of dealing with the bankrupts' estate, and one which excludes the appointment of an assignee. Even without the order of the court making the bankrupts custodians, the proper meaning of the composition agreement is that the bankrupt is left in the possession and control of his property. The bankrupts certainly are bound by the election thus made by them and by the terms of the composition; both they and their creditors have virtually agreed that the bankrupts should retain their property subject to all existing liens. It is suggested that the resolutions of composition may yet be amended by providing for the appointment of an assignee to take and hold the assets pending the payment of the composition, or that the bankrupts may be unable to pay their composition, and so that an assignee may necessarily be appointed. As to the first suggestion, it is a possibility merely, and cannot affect the present rights of the parties, nor would it be proper for the court, in view of such a bare possibility, to stay the proceedings of the lienor in order to enable the bankrupts and the creditors to do what they may never agree to do, and what is entirely at variance with their intentions as expressed in what they have already done. As to the other suggestion, that the composition may be set aside, I think that it is enough to say that the bankrupts and the creditors. having agreed to an arrangement which preserves this lien upon proceedings which imply deliberate choice of remedies based on a careful consideration of their own best interests and the ability of the bankrupts to carry it out, are not entitled to ask that the secured creditor wait two years before realizing on his security upon the bare possibility that the arrangement may fail. They have taken the risk of the arrangement being successfully carried out, and cannot complain if it is treated by other parties in interest as if it were a final arrangement. I see nothing in the case of In re Bayly [Case No. 1,144], decided by Judge Wood, cited by complainants, which conflicts with the views here expressed. In this case the amount of the security is less than the debt secured by it, and the nature of the collateral security is such that there can be no loss or sacrifice of the property of the bankrupts in the application of the collateral to the debt. There is no ground for injunction, therefore. either because the bankrupts' other creditors have an interest over and above that of the secured creditor in the property attached, nor because the assets held by the secured creditor are likely to be sacrificed as by a ruinous sale. It is unnecessary to consider, therefore, whether in this case, if either of these circumstances appeared, an injunction would be proper.

It is insisted by the complainants that Hentz & Co. are bound by the composition, and that they cannot claim more than the composition percentage. This is true of their claims in personam against the bankrupt, but it does not affect or impair their rights in rem against the property on which they hold security. This suggestion is fully answered in the cases cited above.

The view taken of the case makes it unnecessary to consider whether Hentz & Co.

have acquired any new rights in the property attached by their judgment and execution. Injunction denied, and temporary stay vacated.