## BABBITT, TRUSTEE IN BANKRUPTCY, *v.* DUTCHER.

### APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 39.   Argued November 29, 1909.—Decided February 21, 1910.

Corporate records and stock-books of a corporation adjudicated a bankrupt pass to the trustee and, where there is no adverse holding, the bankruptcy court can compel their delivery by summary proceeding.

In a case in which the original court of bankruptcy can act summarily, another court of bankruptcy, sitting in another district, can do so in aid of the court of original jurisdiction.

THE Randolph-Macon Coal Company was a Missouri corporation, and was duly adjudicated a bankrupt March 26, 1907, in proceedings instituted in the District Court of the United States, in and for the Eastern Division of the Eastern Judicial District of Missouri.   Byron F. Babbitt was duly appointed trustee in bankruptcy for the corporation May 10, 1907, and duly qualified by giving bond on that day.

He thereafter made demand upon the president of the company for the delivery to him of the corporate records and stock books of the bankrupt company, which were kept in the office maintained by the company in New York city. This request was refused by letter of the president of the company, dated September 24, 1907, in which he says that he is advised "that such records and stock books are not documents relating to the property of the bankrupt, and therefore you, as trustee in bankruptcy, are not entitled to their possession."

Thereupon the trustee made application to the District Court in and for the Southern District of New York, by peti-

tion, for an order directing James T. Gardiner, the president, and Howard Dutcher, the secretary, of the company, or either of them, to deliver to him the stock-certificate book, the corporation minute book and the stock register of said company, together with all other records and documents belonging to said company in their possession or under their control. Gardiner and Dutcher were within the jurisdiction of the District Court for the Southern District of New York, and the books and papers referred to were within their custody there, and the trustee alleged that the stock-certificate book, the corporation minute book, and the stock register book were necessary to the trustee in his administration and settlement of the affairs of the company.

Thereafter a hearing was had on the petition, the order to show cause and return thereto, and the District Judge (Holt, J.) endorsed on the petition: "I am obliged to deny this motion on the authority of *In re Von Hartz et al.*, 142 Fed. Rep. 726," and ordered that the motion be denied on the ground that the court was without jurisdiction to entertain the proceeding, or to grant the relief prayed for, and the District Judge also certified that the order denying the motion and refusing to grant the relief was based solely on the ground that the court was without jurisdiction "to entertain proceedings instituted by a trustee in bankruptcy duly appointed in a bankruptcy proceeding pending in another district, to compel the officers of the bankrupt to deliver to such trustee the documents in their possession relating to the business of the bankrupt."

This appeal was then allowed and duly prosecuted.

*Mr. William B. Hornblower*, with whom *Mr. Morgan M. Mann* was on the brief, for appellant:

The title to all books and papers relating to the business of the bankrupt was vested in the trustee. Subd. 1, § 70, and subd. 13, of § 1 of the bankrupt act. See *Matter of Hess*, 134 Fed. Rep. 109; *Mueller v. Nugent*, 184 U. S. 1. And, as

held in that case, it is proper to resort to summary proceedings in the bankrupt court rather than to replevin in the state court.

The District Court in New York had jurisdiction to entertain this proceeding and grant the relief prayed for. The act of 1898 in this respect is similar to the act of 1867. And see *Lathrop* v. *Drake*, 91 U. S. 516; *Sherman* v. *Bingham*, Fed. Cas. 12,762; *Goodall* v. *Tuttle*, Fed. Cas. 5,533; *McGehee* v. *Hentz*, Fed. Cas. 8,794; *Re Tifft*, Fed. Cas. 14,034; *Payson* v. *Dietz*, Fed. Cas. 10,861; *Re Benedict*, 140 Fed. Rep. 55; *Re Peiser*, 115 Fed. Rep, 199; *Re Sutter Bros.*, 131 Fed. Rep. 654, distinguishing *Re Williams*, 173 Fed. Rep. 321, and *Re Nelson Co.*, 149 Fed. Rep. 590. See also Loveland on Bankruptcy, 3d ed., § 21. *Re Von Hartz*, 142 Fed. Rep. 726, to effect that ancillary jurisdiction does not exist, and which controlled the decision in this case, was erroneously decided by the Circuit Court of Appeals; nor does *Re Wood & Henderson*, 210 U. S. 246, apply. Denying ancillary jurisdiction renders the enforcement of the bankruptcy act difficult; in some cases it practically nullifies the act.

In two recent decisions, *Re Dunseath*, 168 Fed. Rep. 973, and *Re Dempster*, 172 Fed. Rep. 353, ancillary jurisdiction of the bankruptcy court was sustained and there is no decision of this court adverse to such jurisdiction. *Bardes* v. *Hawarden Bank*, 178 U. S. 524; *White* v. *Schloerb*, 178 U. S. 542; *Bryan* v. *Bernheimer*, 181 U. S. 188; *Mueller* v. *Nugent*, 184 U. S. 1; *Jaquith* v. *Rowley*, 188 U. S. 620; *Re Wood & Henderson*, 210 U. S. 246, do not hold that ancillary jurisdiction does not exist.

*Mr. Henry W. Taft* for appellee:

The trustee in bankruptcy has not the title to the books and cannot compel their delivery in summary proceedings even in the original district of the bankruptcy. The title of the trustee to the books is disputed.

The District Court has no ancillary jurisdiction on applica-

tion of a trustee in bankruptcy appointed by another District Court to compel by summary order the delivery to him of property of the bankrupt. *Foundry Co.* v. *Car Co.,* 124 Fed. Rep. 403; *Re Tybo Mining Co.,* 132 Fed. Rep. 697; *Re Benedict,* 140 Fed. Rep. 55; *Ex parte Martin,* 16 Fed. Cas. 874; *Re Richardson,* 20 Fed. Cas. 696; *Markson* v. *Heaney,* 16 Fed. Cas. 769; *Sherman* v. *Bingham,* 21 Fed. Cas. 1,270; *Goodall* v. *Tuttle,* 10 Fed. Cas. 579; *Lathrop* v. *Drake,* 91 U. S. 516; *Re Tifft,* 23 Fed. Cas. 1,213.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

Subdivision 1 of § 70 of the bankruptcy act of 1898 provides that the trustee of the estate of a bankrupt shall be vested by operation of law, as of the date of the adjudication, with the title of the bankrupt (*a* 1) to all "documents relating to his property," and subdivision 13 of § 1 of the act provides that " 'documents' shall include any book, deed, or instrument in writing."

Respondents, as officers of the bankrupt company, asserted no adverse claim, but denied that the corporate records and stock books were "documents relating to the property of the bankrupt," and asserted that therefore the trustee in bankruptcy was not entitled to their possession.

We have no doubt that the books and records in question passed, on adjudication, to the trustee, and belong in the custody of the bankruptcy court, and, there being no adverse holding, that the bankruptcy court had power upon a petition and rule to show cause to compel their delivery to the trustee. *Bryan* v. *Bernheimer,* 181 U. S. 188; *Mueller* v. *Nugent,* 184 U. S. 1; *Louisville Trust Company* v. *Comingor,* 184 U. S. 18; *First National Bank* v. *Title & Trust Company,* 198 U. S. 280; *Whitney* v. *Wenman,* 198 U. S. 539.

This brings us to the real question in the case and upon which the decision was rendered, namely, whether the District

Court of the United States in and for the Southern District of New York had jurisdiction to entertain this particular proceeding and grant the relief prayed for.

In *Ex parte Martin*, 16 Fed. Cas. 874, decided in 1842, Mr. Justice Story, sitting on circuit, held that the equity jurisdiction of the District Courts, under the bankruptcy act of 1841, was not confined to cases originally arising and pending in the particular court where the relief was sought, and where a creditor living in Massachusetts commenced suits in several States other than Pennsylvania where proceedings were pending against the bankrupt for an adjudication, that an injunction would issue against the Massachusetts creditor enjoining him from proceeding in the suits. Mr. Justice Story said:

"The language of the sixth section of the act is: 'That the District Court in every district shall have jurisdiction in all matters and proceedings in bankruptcy arising under the act,' the said jurisdiction to be exercised summarily, in the nature of summary proceedings in equity. The act then goes on to enumerate certain specific cases and controversies, to what the jurisdiction extends (which I deem merely affirmative, and not restrictive of the preceding clause); and then it extends the jurisdiction 'to all acts, matters and things to be done under, and in virtue of the bankruptcy, until the final distribution and settlement of the estate of the bankrupt, and the close of the proceedings in bankruptcy.' Now, this language is exceedingly broad and general; and it is not in terms, or by fair implication, necessarily confined to cases of bankruptcy originally instituted, and pending in the particular District Court, where the relief is sought. On the contrary, it is not unnatural to presume, that as cases, originally instituted and pending in one district, may apply to reach persons and property situate in other districts, and require auxiliary proceedings therein to perfect and accomplish the objects of the act, the intention of Congress was, that the District Courts in every district should be mutually

auxiliary to each other for such purposes and proceedings. The language of the act is sufficiently comprehensive to cover such cases; and I can perceive no solid ground of objection to such an interpretation of it."

Section 1 of the bankruptcy act of 1867 and § 2 of the bankruptcy act of 1898 are substantially identical as to the jurisdiction of the District Courts sitting as courts of bankruptcy, as will appear from the following comparison:

*Section 1 of the Bankruptcy Act of 1867:*

"That the several district courts of the United States be, and they hereby are constituted courts of bankruptcy, and they shall have original jurisdiction in their respective districts in all matters and proceedings in bankruptcy, and they are hereby authorized to hear and adjudicate upon the same according to the provisions of this act. . . .

"And the jurisdiction hereby conferred shall extend. . . .

"To the collection of all the assets of the bankrupt . . . and to all acts, matters, and things to be done under and in virtue of the bankruptcy, until the final distribution and settlement of the estate of the

*Section 2 of the Bankruptcy Act of 1898:*

"That the courts of bankruptcy as hereinbefore defined, viz., the district courts of the United States in the several States, the Supreme Court of the District of Columbia, the District Courts of the several Territories, and the United States courts in the Indian Territory and the District of Alaska, are hereby made courts of bankruptcy, and are hereby invested, within their respective territorial limits as now established, or as they may be hereafter changed, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, in vacation in chambers and during their respective terms, as they are now or may be hereafter

bankrupt, and the close of the proceedings in bankruptcy."

held, to . . . (7) cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided; . . . (15) make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this act; . . .

Nothing in this section contained shall be construed to deprive a court of bankruptcy of any power it would possess were certain specific powers not herein enumerated."

In *Sherman* v. *Bingham,* Fed. Cas. No. 12,762; 21 Fed. Cas. 1,270, Mr. Justice Clifford, sitting on circuit, and construing the act of 1867, reversed the judgment of the District Court, which held that an assignee in bankruptcy of a person declared a bankrupt in one District Court could not maintain an action to recover moneys paid the defendants, residents of another district, in the District Court of such district. And Mr. Justice Clifford said:

"District Courts have original jurisdiction in their respective districts in all matters and proceedings in bankruptcy, and the argument is, that inasmuch as the jurisdiction must be exercised in the district for which the district judge is appointed, the District Court, sitting as a court of bankruptcy, cannot exercise jurisdiction in any case except in the district

where the bankruptcy proceedings are pending; but § 1 of the bankrupt act contains no such limitation, nor does it contain any words which, properly considered, justify any such conclusion.

"General superintendence and jurisdiction of all cases and questions under the act are conferred upon the several Circuit Courts, except where special provision is otherwise made by the first clause of § 2 of the act; but the subsequent language of the same clause makes it clear that the jurisdiction conferred by that clause can only be exercised within and for the district 'where the proceedings in bankruptcy shall be pending.' No such limitation, however, is found in the clause of § 1, conferring jurisdiction upon the District Courts as courts of bankruptcy. Judges of the District Courts must sit undoubtedly in the districts for which they are respectively appointed, and no doubt is entertained that the process of the court in proceedings in bankruptcy cases, is restricted to the territorial limits of the district; but the language of § 1 of the bankrupt act describing the jurisdiction of the District Courts, sitting as courts of bankruptcy, is, that they shall have original jurisdiction in their respective districts, 'in all matters and proceedings in bankruptcy,' showing unquestionably that they can only sit and exercise jurisdiction in their own districts; but the limitation that the proceedings in bankruptcy must in all cases be pending in that district, is not found in that clause of § 1 of the act. On the contrary, the same section provides that the jurisdiction conferred, that is, the jurisdiction of the several District Courts, shall extend to all cases and controversies arising between the bankrupt and any creditor, or creditors, who shall claim any debt or demand under the bankruptcy act, and also to the collection of all the assets of the bankrupt, to the ascertainment and liquidation of the liens, and other specific claims thereon, to the adjustment of the various priorities and conflicting interests of all parties, and to the marshalling and disposition of all the different funds and assets, so as to secure the rights of all

parties, and the due distribution of the assets among all the creditors, and to all acts, matters and things to be done under and in virtue of the bankruptcy."

In *Lathrop* v. *Drake*, 91 U. S. 516, 517, the question of the ancillary jurisdiction of the District Court under the act of 1867 was considered, and the decision in *Sherman* v. *Bingham* approved. Mr. Justice Bradley, delivering the opinion, said:

"Their jurisdiction is confined to their respective districts, it is true; but it extends to all matters and proceedings in bankruptcy without limit. When the act says that they shall have jurisdiction in their respective districts, it means that the jurisdiction is to be exercised in their respective districts. Each court within its own district may exercise the powers conferred; but those powers extend to all matters of bankruptcy, without limitation. There are, it is true, limitations elsewhere in the act; but they affect only the matters to which they relate. Thus, by § 11, the petition in bankruptcy, and by consequence the proceedings thereon, must be addressed to the judge of the judicial district in which the debtor has resided, or carried on business, for the six months next preceding; and the District Court of that district, being entitled to and having acquired jurisdiction of the particular case, necessarily has such jurisdiction exclusive of all other District Courts, so far as the proceedings in bankruptcy are concerned. But the exclusion of other District Courts from jurisdiction over these proceedings does not prevent them from exercising jurisdiction in matters growing out of or connected with that identical bankruptcy, so far as it does not trench upon or conflict with the jurisdiction of the court in which the case is pending. Proceedings ancillary to and in aid of the proceedings in bankruptcy may be necessary in other districts where the principal court cannot exercise jurisdiction; and it may be necessary for the assignee to institute suits in other districts for the recovery of assets of the bankrupt. That the courts of such other districts may exercise jurisdiction in such cases would seem to be the nec-

essary result of the general jurisdiction conferred upon them, and is in harmony with the scope and design of the act. The state courts may undoubtedly be resorted to in cases of ordinary suits for the possession of property or the collection of debts; and it is not to be presumed that embarrassments would be encountered in those courts in the way of a prompt and fair administration of justice. But a uniform system of bankruptcy, national in its character, ought to be capable of execution in the national tribunals, without dependence upon those of the States in which it is possible that embarrassments might arise. The question has been quite fully and satisfactorily discussed by a member of this court in the First Circuit, in the case of *Sherman* v. *Bingham*, 7 Bank. Reg. 490; and we concur in the opinion there expressed, that the several District Courts have jurisdiction of suits brought by assignees appointed by other District Courts in cases of bankruptcy."

The same question was considered in *Goodall* v. *Tuttle*, Fed. Cas. No. 5,533; 10 Fed. Cas. 579, which arose under the act of 1867, and the same conclusion reached, as also in *McGehee* v. *Hentz*, Fed. Cas. No. 8,794; 16 Fed. Cas. 103, and *In re Tifft*, Fed. Cas. No. 14,034; 23 Fed. Cas. 1,213. On the authority of these decisions it must be and is conceded that under the bankruptcy acts of 1841 and 1867 ancillary jurisdiction, both in summary proceedings and in plenary suits, existed in all District Courts within their respective districts; and the question really is whether the provisions of the act of 1898 are to the contrary, or, as appellee's counsel puts it, show an intention on the part of Congress to restrict such jurisdiction so as to cut off the inferences drawn from the language of the earlier acts.

But neither the act of 1867, nor the act of 1898, expressly confers or expressly negatives ancillary jurisdiction in courts other than the court of adjudication. The provisions as to summary jurisdiction in the two acts are substantially identical, and it appears to us should receive the same construction.

*In re Benedict,* 140 Fed. Rep. 55; *In re Peiser,* 115 Fed. Rep. 199; *In re Sutter Bros.,* 131 Fed. Rep. 654; *In re Nelson Company,* 149 Fed. Rep. 590.

It is, however, urged that the act of 1898 contains restrictive provisions as to the jurisdiction of both the Circuit and District Courts which weaken the force of the reasoning of the decisions based upon the general language of the earlier statutes. Subdivision 7 of § 2 of the act of 1898 confers power to "cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided." And it is said that the following provisions of § 23 should be regarded as coming within the exception and operating to restrict the jurisdiction:

" (a) The United States Circuit Courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.

" (b) Suits by the trustees shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under § 60, subdivision b, and § 67, subdivision e."

Section 60, subdivision b, refers to preferences given within four months before the filing of the petition in bankruptcy, and provides that they may be recovered by the trustee, and further: "And, for the purpose of such recovery, any court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

Section 67, subdivision *e*, provides that conveyances in fraud of creditors shall be null and void, and that it shall be the duty of the trustee to sue to recover the property conveyed, and that "for the purpose of such recovery, any court of bankruptcy, as hereinbefore defined, and any state court which would have jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

But the general jurisdiction was not restricted by these provisions, though they operated to mitigate the rigor of the rule laid down in the *Bardes case.*

There are two classes of cases arising under the act of 1898 and controlled by different principles. The first class is where there is a claim of adverse title to property of the bankrupt, based upon a transfer antedating the bankruptcy. The other class is where there is no claim of adverse title based on any transfer prior to the bankruptcy, but where the property is in the physical possession of a third party or of an agent of the bankrupt, or of an officer of a bankrupt corporation, who refuses to deliver it to the trustee in bankruptcy.

In the former class of cases a plenary suit must be brought, either at law or in equity, by the trustee, in which the adverse claim of title can be tried and adjudicated.

In the latter class it is not necessary to bring a plenary suit, but the bankruptcy court may act summarily and may make an order in a summary proceeding for the delivery of the property to the trustee, without the formality of a formal litigation.

The former class falls within the ruling in the case of *Bardes* v. *Hawarden Bank*, 178 U. S. 524, and in the case of *Jaquith* v. *Rowley*, 188 U. S. 620, which hold that such a suit can be brought only in a court which would have had jurisdiction of a suit by the bankrupt against the adverse claimant, except where the defendant consents to be sued elsewhere.

In the latter class of cases a plenary suit is not necessary, but the case falls within the rule laid down in *Bryan* v. *Bernheimer*, 181 U. S. 188, and *Mueller* v. *Nugent*, 184 U. S. 1,

which held that the bankruptcy court could act summarily. The question was not discussed as to whether a court other than the court of adjudication could exercise this summary jurisdiction.

The precise question before us on the present appeal is whether in a case in which the original court of bankruptcy could act summarily another court of bankruptcy, sitting in another district, can do so in aid of the court of original jurisdiction.

Judge Holt, after expressing an opinion upholding ancillary jurisdiction, felt compelled to decide otherwise in this case on the authority of *In re Von Hartz*, 142 Fed. Rep. 726, decided by the United States Circuit Court of Appeals for the Second Circuit. It appears from the statement of the case in the opinion of the court in the matter of *Von Hartz* that the proceeding was a summary application in which the appellant had been directed to turn over to the trustee in bankruptcy a policy of life insurance upon the life of the bankrupt, which "had theretofore been assigned by Von Hartz to appellant." It was not stated in the opinion whether the assignment was prior or subsequent to the proceedings in bankruptcy. If prior thereto, then neither the court where the bankruptcy proceedings were pending nor any other court could grant a summary order disposing of the title of the adverse claimant claiming title to the policy by assignment. That could only be determined in a plenary suit, and would fall within the rule in the *Bardes* and *Jaquith cases*. But if the assignment was subsequent to the bankruptcy proceedings, then it would be a nullity, and would be disregarded by the bankruptcy court, and possession could be given to the trustee by a summary order, as in the *Bryan* and *Mueller cases*.

There is no decision of this court adverse to the ancillary jurisdiction of the District Courts as asked to be exercised in this case.

Upon the whole, we are of opinion that the District Court for the Southern District of New York had jurisdiction of the

petition below and to grant the relief therein prayed for, and therefore we

*Reverse the order of that court denying the petition, and remand the cause for further proceedings in conformity with law.*