In re RATHFON BROS.

KIRKPATRICK v. GALLUP.

(District Court, W. D. Michigan, N. D.   November 8, 1912.)

BANKRUPTCY (§ 297*)—JURISDICTION OF COURTS—ANCILLARY JURISDICTION.

A summary proceeding by a trustee in bankruptcy to recover property belonging to the estate in the possession of a nonresident of the district of adjudication can only be maintained in the district of such person's residence, where the property is and the order must be enforced; the court of bankruptcy in such district having ancillary jurisdiction to grant such order.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 413; Dec. Dig. § 297.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

In the matter of Rathfon Bros., bankrupts. Petition by John C. Kirkpatrick, trustee, against George Gallup. On motion by respondent to dismiss petition for want of jurisdiction. Motion granted.

Scott, Bancroft & Stephens, of Chicago, Ill., for petitioner.
G. W. Davis, of Saginaw, Mich., for respondent.

SESSIONS, District Judge. This is a petition of the trustee in bankruptcy for a summary order requiring respondent to turn over and surrender certain moneys, amounting to nearly $7,500, which are alleged to be held by respondent for and to belong to the bankrupt estate, and to have been paid to him for that purpose by one of the bankrupts immediately prior to and in contemplation of the bankruptcy proceedings which were instituted in this court. The moneys are alleged to have been received by respondent in this district. At that time, however, he was a resident and citizen of the state of Illinois. He afterwards removed to the state of Montana, and later to the city of Saginaw, in the Eastern District of the state of Michigan, where he now resides. Upon the filing of the trustee's petition, an order was made by this court requiring respondent to appear upon a definite date and show cause why the prayer of the petition should not be granted, and directing service of the petition and order to be made upon him by registered mail.

Respondent appears specially and challenges the jurisdiction of the court, claiming: (1) That this court is without authority to com-

pel his appearance in a district other than the one in which he resides and in which the property sought to be recovered is located; and (2) that this controversy must be determined, if at all, in a plenary suit, instead of a summary proceeding. In other words, his contention is: (1) That a summary proceeding against him, like the present one, can be brought and maintained only in the bankruptcy court for the Eastern district of Michigan, within whose territorial jurisdiction he resides; and (2) that, without his consent, a plenary suit can be brought and maintained against him only in a state court of competent jurisdiction. If the first claim or contention of respondent be sustained, it will then be both unnecessary and unbecoming to consider the second one.

In the case of Babbitt v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969, the Supreme Court seems to have decided the question here presented adversely to the petitioner and in favor of the respondent. In that case a corporation had been adjudicated a bankrupt in one of the federal courts for the state of Missouri. The trustee in bankruptcy filed his petition in the District Court of the United States for the Southern District of New York, asking for a summary order directing and requiring the officers of the bankrupt corporation, who resided in the Southern district of New York, to deliver to him the books and property belonging to the bankrupt estate then and there in their possession. The District Court denied the petition—

"solely on the ground that the court was without jurisdiction 'to entertain proceedings instituted by a trustee in bankruptcy duly appointed in a bankruptcy proceeding pending in another district, to compel the officers of the bankrupt to deliver to such trustee the documents in their possession relating to the business of the bankrupt.'"

Upon appeal, the Supreme Court held, not only that the District Court of New York had jurisdiction, but also, in substance and effect, and by its reasoning, that its authority to act in the premises was exclusive.

The case of In re Wood and Henderson, 210 U. S. 246, 28 Sup. Ct. 621, 52 L. Ed. 1046, cited and relied upon by counsel for petitioner, has no application to the question under consideration, because the decision in that case related to and was based solely upon a section of the Bankrupt Act which, as construed by the court, conferred upon the original court of bankruptcy exclusive power and authority to pass upon and determine controversies arising out of its special provisions.

These views of the rulings of the Supreme Court were entertained and expressed by the Circuit Court of Appeals of the Ninth Circuit in Staunton v. Wooden, 179 Fed. 61, 102 C. C. A. 355, which was a case nearly parallel to the present one. There the court held that the District Court of the United States for the Northern District of California, that being the court in which the adjudication in bankruptcy was made, had no authority to compel by summary order a person residing in the state of Nevada to deliver to the trustee in bankruptcy property belonging to the bankrupt estate in his posses-

sion in the state of Nevada. At the close of the opinion the court said:

"In view of these considerations, and the authorities, we are of the opinion that the District Court was not possessed of jurisdiction to make and enforce the summary order. Since writing the above, there has come to our notice the decision of the Supreme Court in Babbitt, Trustee, v. Dutcher (decided in February, 1910) 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402 [17 Ann. Cas. 969], in which the court quoted with approval the language of Mr. Justice Bradley in Lathrop v. Drake, 91 U. S. 516, 23 L. Ed. 414, concerning the bankruptcy courts under the act of 1867, as follows: 'Their jurisdiction is confined to their respective districts, it is true; but this extends to all matters and proceedings in bankruptcy without limit. When the act says they shall have jurisdiction in their respective districts, it means that the jurisdiction is to be exercised in their respective districts.' And the court held that the District Court of the United States for the Southern District of New York had ancillary jurisdiction to entertain a petition of a trustee in bankruptcy appointed by the District Court for the Eastern Division of the Eastern District of Missouri for a summary order directing the surrender of property belonging to the bankrupt's estate then in the hands of persons within the Southern district of New York. It follows, from that decision, that the remedy of the trustee in the present case is to obtain his summary order by petition to the bankruptcy court of Nevada."

Upon reason and principle, as well as authority, a trustee in bankruptcy, in a proceeding of this kind, ought to be compelled to resort to the court within whose territorial jurisdiction respondent resides and the property sought to be recovered is located. By so doing both confusion of authority and circuity of action will be avoided, for it must be conceded that the court of the original bankruptcy proceedings has no authority to compel the performance of or to enforce obedience to its orders beyond its territorial limits, and, in those regards, the aid of another court must be asked and procured. While the proceeding in another court is ancillary in character, it presents a completely distinct and separable controversy, and Congress, by express enactment, has vested in the several courts of bankruptcy, "within their respective territorial limits," full and complete power and authority to try and determine all bankruptcy controversies, whether arising in original or ancillary proceedings.

It follows that respondent's motion to dismiss must be granted. It is so ordered.