## GALBRAITH v. VALLELY.*

(Circuit Court of Appeals, Eighth Circuit. November 15, 1919.)

No. 200.

BANKRUPTCY ⊗⇒288(3)—SUMMARY PROCEEDINGS; CLAIM OF ASSIGNEE FOR BENEFIT OF CREDITORS.

A general assignee, on bankruptcy of the assignor within four months, is not an adverse claimant with respect to his claim for expenses and services, and so entitled to have his rights tested in a plenary suit, since the assignment is itself an act of bankruptcy, and is avoided entirely by bankruptcy proceedings, which vest the court with the right to possession of all the property, which may be recovered in a summary proceeding.

Petition to Revise Order of the District Court of the United States for the District of North Dakota.

Petition of John P. Galbraith against John Vallely, trustee in bankruptcy, to revise order of District Court. Affirmed.

Fred B. Dodge, of Minneapolis, Minn. (Todd, Fosnes, Sterling & Nelson, of St. Paul, Minn., on the brief), for petitioner.

Before HOOK and STONE, Circuit Judges.

STONE, Circuit Judge. This is a petition by a common-law assignee under a general deed of assignment for the benefit of creditors to revise an order of the District Court, as a court of bankruptcy, affirming the jurisdiction of a court of bankruptcy in a summary proceeding to require such assignee to pay over to the trustee moneys claimed as expenditures and compensation in connection with the administration under the assignment. The petitioner contends that as to such expenditures and compensation he claims adversely to the trustee, and that he can retain the amounts claimed by him as properly expended and as properly due him for compensation until his right thereto is tested in a plenary suit. The referee so found, and was reversed by the trial court.

We think this contention governed by the principles announced in Randolph v. Scruggs, 190 U. S. 533, 23 Sup. Ct. 710, 47 L. Ed. 1165, to the effect that subsequent bankruptcy proceedings avoid the assignment as a whole, but that the assignee is entitled to reimbursement and compensation for expenditures and services only to the extent that such are beneficial to the estate. In the face of the facts that bankruptcy avoids the assignment as a whole, and that the assignee acts with full notice thereof, and of the possibility of bankruptcy, it is rather an anomaly to permit any rights to arise from the assignment. However, as the assignee is not a mere volunteer, as the assignment is lawful (Stellwagen v. Clum, 245 U. S. 605, 38 Sup. Ct. 215, 62 L. Ed. 507), as it is effective unless bankruptcy occur within four months (Mayer v. Hellman, 91 U. S. 496, 23 L. Ed. 377), and as such bankruptcy may not happen, it is but just that benefits rendered the estate should, to the extent of such benefit, be returned to the assignee. All that is necessary to accomplish this result is to regard the assignee, to the above

extent, as a preferred creditor who may prove his claim in the bankruptcy court.

This preference springs rather from the character of the claim than from any superior right against the property. We take it that the theory of this preference is that services lawfully rendered for the purpose of, and having the effect of, preserving and assembling the assets for the creditors should have precedence over the claims of such creditors. But it is not necessary to the preservation of such preference that the assignee be placed in the further advantageous position of an adverse claimant to property in his possession. Furthermore, it is undesirable that he should be so placed, because it would result in many, if not most, instances in hampering the speedy and economical administration of the bankruptcy proceedings through the necessity of prosecuting plenary suits. This delay and expense should not be permitted to arise from a situation constituting in itself an act of bankruptcy (Act July 1, 1898, c. 541, § 3, 30 Stat. 546 [Comp. St. § 9587]; West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1078), and which is avoided in entirety by bankruptcy proceedings. As the possession of the assignee upon avoidance of the assignment through the bankruptcy proceedings becomes the possession of the bankrupt (Bryan v. Bernheimer, 181 U. S. 188, 192, 21 Sup. Ct. 557, 45 L. Ed. 814; Davis v. Bohle, 92 Fed. 325, 34 C. C. A. 372), such possession may be recovered in a summary proceeding in the bankruptcy matter (Babbitt v. Dutcher, 216 U. S. 102, 113, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969; Clarke v. Larremore, 188 U. S. 486, 23 Sup. Ct. 363, 47 L. Ed. 555; Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405).

The order of the trial court, reversing the order of the referee, is affirmed, and the cause remanded for proceedings not inconsistent with this opinion.