## In re LANSLEY.

### Petition of LEWIS.

(Circuit Court of Appeals, Second Circuit. June 1, 1925.)

No. 380.

Bankruptcy ⊛═293(1)—Court held without jurisdiction to bring person from another state to answer citation for contempt.

The admission by a witness that he holds title to real estate, situated in another state, for bankrupt, and has no interest in it himself *held* not to give the court jurisdiction to bring him from the other state to answer to a citation for contempt for refusing to convey the property to the trustee; the proper practice being to apply for ancillary summary process in the district of his residence.

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of William J. Lansley, bankrupt. Petition by Oscar A. Lewis, trustee, to revise order of District Court. Affirmed.

One Smith, a resident of New Jersey, appeared as a witness in this proceeding and admitted that he held title to certain New Jersey real estate for the bankrupt; he had no real interest of his own. He professed willingness to execute a deed of the property to the trustee in bankruptcy. He then left New York, returned to New Jersey, and refused or neglected to carry out his promise. Thereupon order to show cause was granted below, calling upon Smith to give reasons why he should not be punished for contempt. The order was served in New Jersey. On the return day Smith did not appear, and the court below refused to take jurisdiction of the matter, whereupon the trustee took this proceeding.

Bernard Hershkopf and Saul S. Myers, both of New York City, for petitioner.

Reynolds, Richards, McCutcheon & Logan, of New York City (Royal F. Shepard, of New York City, of counsel), as amicus curiæ.

Before HOUGH, MANTON, and HAND, Circuit Judges.

PER CURIAM. We agree with the court below that, since there was no property in the custody of the court affected by the apparent legal title outstanding in Smith, service of the show cause order in New Jersey gave no jurisdiction to the court for the Eastern district of New York. Remington (3d Ed.) § 34, vol. 1, p. 64 et seq.

The proper practice would have been to apply for ancillary summary process in the New Jersey district. Babbitt v. Dutcher, 216 U. S. 102, 30 S. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969.

Order affirmed.