## LOGAN v. HAYNES et al.

(Circuit Court of Appeals, Eighth Circuit. February 8, 1926.)

No. 6993.

Bankruptcy ⬱288(1)—Referee has jurisdiction to determine in summary proceeding claim to property in possession of bankruptcy court, and plenary action by trustee is not necessary.

Where property on which claimant has chattel mortgage is in possession of bankruptcy court or its officer, referee has jurisdiction to determine claim in summary proceeding, and plenary action by trustee is not necessary.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

In the matter of bankruptcy of Frank Haynes. From an order sustaining the order of the referee allowing the claim of Martha Haynes, J. G. Logan, trustee, appeals. Affirmed.

Eugene S. Quinton and James E. Larimer, both of Topeka, Kan., for appellant.

R. M. Lee, of Topeka, Kan., for appellees.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and YOUMANS, District Judge.

YOUMANS, District Judge. This is an appeal from an order in bankruptcy of the District Court of Kansas, sustaining an or-

der of the referee in allowing a claim of Martha Haynes against the bankrupt, Frank Haynes, and overruling objections of the appellant as trustee of said bankrupt estate to said claim.

Eleven errors are assigned by appellant. In his brief, counsel for appellant says:

"All of the specifications of error will be presented as directed to one question of law; the jurisdiction of the referee to determine an adverse claim in a summary proceeding."

Therefore the only question in the case is the jurisdiction of the referee to make the order. The sufficiency of the evidence is not questioned.

The claim of Martha Haynes was a note of the bankrupt, secured by chattel mortgage executed by him on his property. The contention of appellant is that the sole jurisdiction of the referee was to determine whether Martha Haynes, under her chattel mortgage, was an adverse claimant, and, when so ascertained, to make a finding to that effect, and to direct the validity of the mortgage as a lien upon the property therein described to be determined in a plenary suit brought by the trustee. In support of that contention counsel for appellant relies on the case of Babbitt v. Dutcher, 30 S. Ct. 372, 216 U. S. 102, 54 L. Ed. 402, 17 Ann. Cas. 969.

In that contention the question of the possession of the claimed property at the time is overlooked. The jurisdiction of the referee in such a case depends upon possession of the property claimed.

In the case of Weidhorn v. Levy, 40 S. Ct. 534, 536, 253 U. S. 268, 271, 64 L. Ed. 898, the Supreme Court said:

"There may be controversies arising in the course of bankruptcy proceedings that are so far connected with those proceedings as to be in effect a part of them and capable of summary disposition by the referee under the general order of reference, although because of their nature or because involving a distinct and separable issue they may be reviewable, under the section cited by appeal rather than by petition to revise. Hewit v. Berlin Machine Works [24 S. Ct. 690] 194 U. S. 296, 300 [48 L. Ed. 986]; Knapp v. Milwaukee Trust Co. [30 S. Ct. 412] 216 U. S. 545, 553 [54 L. Ed. 610]. Thus, if the property were in the custody of the bankruptcy court or its officer, any controversy raised by an adverse claimant setting up a title to or lien upon it might be determined on summary proceedings in the bankruptcy court, and would fall within the jurisdiction of the referee. White v. Schlo-

erb [20 S. Ct. 1007] 178 U. S. 542, 546 [44 L. Ed. 1183]; Mueller v. Nugent [22 S. Ct. 269] 184 U. S. 1, 13 [46 L. Ed. 405]. But in the present instance the controversy related to property not in the possession or control of the court or of the bankrupt or any one representing him at the time of petition filed, and not in the court's custody at the time of the controversy, but in the actual possession of the bankrupt's brother under an adverse claim of ownership based upon conveyances made more than four months before the institution of the proceedings in bankruptcy. In order to set aside these conveyances and subject the property to the administration of the court of bankruptcy a plenary suit was necessary. Babbitt v. Dutcher [30 S. Ct. 372] 216 U. S. 102, 113 [54 L. Ed. 402, 17 Ann. Cas. 969]."

It thus appears that the jurisdiction of the referee depends upon the possession of the property. In this instance the property was in the custody of the bankruptcy court. It was included in the bankrupt's schedules. The possession was not being held adversely. The claimant was making her claim in the bankruptcy proceedings. She submitted herself and her claim to the jurisdiction of the referee. The referee had jurisdiction to pass on the question as to whether the mortgage constituted a voidable preference. He held that it did not, and he overruled the objections of the trustee.

The order of the District Court is affirmed.