## HARDING v. AARONSON.

### No. 5972.

Court of Appeals of the District of Columbia.

Argued Feb. 7, 1934.

Decided March 5, 1934.

Hubert G. King and Arthur J. Hilland, both of Washington, D. C., for appellant.

Simon Hirshman, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

This is a suit by a trustee in bankruptcy to recover personal property alleged to have been transferred by the bankrupt to his wife in fraud of his creditors.

The personal property consisted of household furniture, costing more than $5,000 and purchased by the husband a year before the filing of his voluntary bankruptcy petition. The wife (appellant) answered the trustee's bill and averred that the furniture had been given to her by her husband more than four months before the filing of the petition and when he was solvent, and she likewise denied that the gift was made for the purpose of hindering, delaying, or defrauding creditors. The matter was thereafter heard by the court on bill and answer and on the evidence of certain witnesses introduced by the trustee. Neither the wife nor the husband was present or offered any evidence to sustain the averments of the answer. The court directed that the property be turned over to the trustee, and this appeal is from that decree.

It appears from the record that, after the case had been fully heard and decided, appellant filed a motion for a rehearing on the ground that, the court not having specifically found that the transfer was made to hinder, delay, and defraud creditors, nor having specifically found that the bankrupt at the time of the transfer was insolvent, the finding made was not responsive to the issue, and the court sitting as a court of equity had no jurisdiction, because no question of fraud was determined.

The point argued on this appeal is that the proceeding should have been at law and not in equity. We see no merit to this. The bill challenged the transfer on the ground of fraud. The finding of the court that the property was the husband's and the order to deliver it to the trustee were in all respects,

in view of the issue submitted, the equivalent of holding that the attempted transfer was fraudulent and should be annulled. Upon an inspection of the whole record, we are of the opinion the form of the proceeding was proper and the decision of the court correct.

First of all, this is a transaction involving the validity of a transfer without consideration of personal property from husband to wife, but claimed to have been made more than four months preceding the filing of a voluntary petition in bankruptcy by the husband. The trustee sues to recover possession on the ground that the gift was made by the husband while insolvent and within the four months' period, and that, if it was not, it was nevertheless made to hinder, delay, and defraud creditors. Code, D. C., 1929, T. 11, § 11.

In the administration of an estate, a bankruptcy court has the right as a preliminary step to determine whether a claim apparently adverse to the trustee is substantial or colorable, and may resolve this question in summary proceedings. If it is decided the claim is made in good faith, the trustee must seek relief in a plenary suit. If it appears the claim is purely fictitious, the bankruptcy court may proceed summarily to dispose of it. If a plenary suit is necessary, provision is made for its institution by sections 67e and 70e of the Bankruptcy Act (11 USCA §§ 107 (e) and 110 (e). By one or the other of these sections all proceedings for the recovery of property transferred (a) by an insolvent within four months of bankruptcy and (b) in fraud of creditors may be now had in the bankruptcy court concurrently with the state court.

In the present instance the controversy concerned property not in possession of the court nor in possession of the bankrupt but alleged to be in the possession of the bankrupt's wife under a claim of ownership based upon a transfer made more than four months before the filing of the petition in bankruptcy. In order to set aside this conveyance and bring the property within the administration of the court of bankruptcy, a plenary suit was necessary. Babbitt v. Dutcher, 216 U. S. 102, 113, 30 S. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969. If the purpose of the suit had been the recovery of a money payment or of damages, the remedy would have been at law; but as the purpose was to set aside a conveyance the suit was properly brought in equity. Morris v. Neumann (C. C. A.) 293 F. 974; Eyges v. Boylston Bank (D. C.) 294 F. 286. But even if, as is now contended by appellant, the suit should have been brought at law, which we think is not correct, the right to make the defense after answer and decision is waived in a case where, as here, jurisdiction is apparent on the face of the bill. Wylie v. Coxe, 15 How. 415, 420, 14 L. Ed. 753. As we have already said, the suit was properly begun and the court had jurisdiction to hear and determine all the issues. This it did without objection, and the evidence showed that the bankrupt at the time of the filing of his petition owed over $40,000 and had no assets. Among his creditors was the vendor of the property in question. Within a few days, or a few weeks at most, prior to the filing of the petition, he had attempted to settle with this same creditor, who had previously secured judgment, by delivering to him a chattel mortgage executed by himself on the very furniture in question.

The Code of Laws of the District of Columbia (title 14, § 27, D. C. Code, 1929) provides that no acquisition (transfer) of property passing from husband to wife after coverture shall be valid in prejudice of the rights of subsisting creditors. Here, the proof of at least one such creditor, the alleged transfer without consideration, the hopeless bankruptcy of the donor when his petition was filed, his possession and claim of ownership of the property a short time before bankruptcy, and the identity of interests of husband and wife, made out a prima facie case. This was enough. Gifts between husband and wife, followed quickly thereafter by insolvency on the part of the donor, are justly regarded by the courts with suspicion. The sameness of welfare furnishes the inducement—the relationship itself, the opportunity, when losses occur, to withhold property from the reach of creditors; and when to this is added the difficulty of proving the true facts, the rule to regard such transactions with suspicion is a reasonable one and is easily understood.

In the present case the decree appealed from was clearly right.

Affirmed.