## In re BOWLING GREEN MILLING CO.

### No. 1007.

District Court, W. D. Kentucky, Bowling Green.

Jan. 30, 1941.

Laurence B. Finn, of Bowling Green, Ky., and F. A. Berry (of Bass, Berry & Sims), of Nashville, Tenn., for Nashville Warehouse & Elevator Corporation.

W. E. Norvell, Jr., and Norman R. Minick, both of Nashville, Tenn., for Commerce Union Bank of Nashville.

John B. Rodes (of Rodes & Willock), of Bowling Green, Ky., for the trustee.

Charles R. Bell, of Bowling Green, Ky., trustee.

Leland H. Logan, of Bowling Green, Ky., referee.

SWINFORD, District Judge.

The Bowling Green Milling Company is a bankrupt. It is a Kentucky corporation with offices at Bowling Green, a city in this the Western District of Kentucky. Prior to bankruptcy it delivered about thirty thousand bushels of wheat to the Nashville Warehouse and Elevator Company at its warehouse in the City of Nashville, in the Middle District of Tennessee. At the same time it delivered ten thousand bushels of wheat to the Nashville Warehouse and Elevator Company at its warehouse at Franklin, Kentucky, a city in this District.

Warehouse receipts were issued against this wheat and delivered to the Bowling Green Milling Company. These receipts were pledged to the Commerce Union Bank of Nashville, in the Middle District of Tennessee, to secure the payments of cer-

786

tain notes executed to the bank by the Bowling Green Milling Company. After bankruptcy and upon petition of the trustee, the referee ordered all the receipts turned over to the trustee in bankruptcy. The bank had filed no claim in the bankruptcy court. The bank and the warehouse company now bring this petition to review the order of the referee.

The following question is certified to me for determination: "Does the United States District Court for the Western District of Kentucky, Bowling Green Division, have jurisdiction so that it can compel an organization in Nashville, Tennessee, to deliver into Court's hands certain warehouse receipts evidencing the deposit of a certain number of bushels of wheat in the Nashville Warehouse and Elevator Corporation which the aforesaid bankrupt borrowed the approximate sum of $22,500 from the parties now holding the receipts in Nashville, Tennessee?"

The jurisdiction of the bankruptcy court must be ascertained from the wording of the Bankruptcy Act. The Chandler Act, section 2, sub. a, 11 U.S.C.A. § 11, sub. a, provides as follows: "The courts of the United States hereinbefore defined as courts of bankruptcy are hereby created courts of bankruptcy and are hereby invested, within their respective territorial limits as now established or as they may be hereafter changed, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this Act [title], * * *".

Subdivision (20) of the same section provides: "Exercise ancillary jurisdiction over persons or property within their respective territorial limits in aid of a receiver or trustee appointed in any bankruptcy proceedings pending in any other court of bankruptcy: * * *."

The Bankruptcy Act of 1867, and all acts since, have carried a provision similar to Section 2, sub. a. The construction thus placed on these prior acts is therefore entirely applicable here.

■ Upon the selection of a trustee in bankruptcy the title to all the property of the bankrupt wheresoever situated immediately vests in the trustee. Gross v. Irving Trust Co., 289 U.S. 342, 53 S.Ct. 605, 606, 77 L.Ed. 1243, 90 A.L.R. 1215. In the course of its opinion the court said: "Upon adjudication of bankruptcy, title to all the property of the bankrupt, wherever situated, vests in the trustee as of the date of filing the petition in bankruptcy. The bankruptcy court has exclusive jurisdiction, and that court's possession and control of the estate cannot be affected by proceedings in other courts, state or federal. Isaacs v. Hobbs Tie & T. Co., 282 U.S. 734, 737, 51 S.Ct. 270, 75 L.Ed. 645, and cases cited. Such jurisdiction having attached, control of the administration of the estate cannot be surrendered even by the court itself. Isaacs v. Hobbs Tie & T. Co., 282 U.S. 739, 51 S.Ct. 270, 75 L.Ed. 645. 'The filing of the petition is a caveat to all the world and in effect an attachment and injunction.' May v. Henderson, 268 U.S. 111, 117, 45 S.Ct. 456, 459, 69 L.Ed. 870, and citations. And see generally Moore v. Scott [9 Cir.] 55 F.2d 863; In re Diamond's Estate [6 Cir.] 259 F. 70."

■ The vesting of the title does not necessarily give the possession of the property to the trustee. He, of course, takes immediate possession of all property held by the bankrupt. He may or may not be entitled to the possession of property held by a third person. Unless voluntarily surrendered to the trustee, the right to the possession of that property may become the subject of controversy and of judicial determination. It then becomes the duty of the trustee to proceed in the proper forum and in the proper proceeding to have determined his right to the possession of the property. If it is located in the district of the bankruptcy court and held adversely a plenary suit is in most cases proper. If the trustee has actual possession, a summary proceeding on the petition of the trustee and the answer of the claimant is usually sufficient. In re Noel, D.C., 137 F. 694, 698.

In the case of Babbitt v. Dutcher, 216 U.S. 102, on page 113, 30 S.Ct. 372, on page 377, 54 L.Ed. 402, 17 Ann.Cas. 969, the opinion states as follows:

"There are two classes of cases arising under the act of 1898, and controlled by different principles. The first class is where there is a claim of adverse title to property of the bankrupt, based upon a transfer antedating the bankruptcy. The other class is where there is no claim of adverse title based on any transfer prior to the bankruptcy, but where the property is in the physical possession of a third party or of an agent of the bankrupt, or of an officer of a

bankrupt corporation, who refuses to deliver it to the trustee in bankruptcy.

"In the former class of cases a plenary suit must be brought, either at law or in equity, by the trustee, in which the adverse claim of title can be tried and adjudicated.

"In the latter class it is not necessary to bring a plenary suit, but the bankruptcy court may act summarily, and may make an order in a summary proceeding for the delivery of the property to the trustee, without the formality of a formal litigation."

The form of action, whether a plenary suit or a summary proceeding, must of course be brought in the proper jurisdiction.

This court has no authority to order a claimant of property, where both the claimant and the property are without the Western District of· Kentucky, to turn the property over to the trustee even though the title to the property is in the trustee. The territorial jurisdiction of this court is limited to the Western District of Kentucky by the express provisions of the act quoted above. The remedy by ancillary proceedings is expressly provided for by the provisions of the act quoted above.

In order for the right to the possession of the warehouse receipts to be determined, the trustee must proceed to have that right adjudicated in the Middle District of Tennessee. His remedy is by an ancillary proceeding in a jurisdiction where the order of the court can be enforced. This court would have no way to enforce the order of the referee here on review. My attention has been called to no case and I can find none holding to the contrary. The following authorities amply sustain the views herein expressed: Babbitt v. Dutcher, 216 U.S. 102, 30 S.Ct. 372, 54 L.Ed. 402, 17 Ann.Cas. 969; Isaacs v. Hobbs Tie & T. Co., 282 U. S. 734, 51 S. Ct. 270, 75 L.Ed. 645; In re Farrell, (In re Heintz), 6 Cir., 201 F. 338; In re Rathfon Bros., D.C., 200 F. 108, 29 A.B.R. 22; Acme Harvester Co. v. Beekman, 222 U.S. 300, 32 S.Ct. 96, 56 L.Ed. 208.

In the comparatively recent case of Isaacs v. Hobbs, etc., Co., supra, the opinion expressly points out that ancillary proceedings are proper in cases of this character. I

quote the following language [282 U.S. 734, 51 S.Ct. 272, 75 L.Ed. 645]: "* * * while valid liens existing at the time of the commencement of a bankruptcy proceeding are preserved, it is solely within the power of a court of bankruptcy to ascertain their validity and amount and to decree the method of their liquidation. Ex parte City Bank of New Orleans, 3 How. 292, 11 L.Ed. 603; Houston v. City Bank of New Orleans, 6 How. 486, 12 L.Ed. 526; Ray v. Norseworthy, 23 Wall. 128, 23 L.Ed. 116; In re Wilka [D.C., 131 F. 1004], supra; Nisbet v. Federal Title & T. Co. [8 Cir.], 229 F. 644. The exercise of this function necessarily forbids interference with it by foreclosure proceedings in other courts, which, save for the bankruptcy proceeding, would be competent to that end. As mortgaged property ordinarily lies within the district in which the bankruptcy court sits, and the mortgagee can consequently be served with its process, the procedure usually followed is for that court to restrain the institution of foreclosure proceedings in any other. Where the land lies outside the limits of the district in which the bankruptcy court sits, ancillary proceedings may be instituted in the District Court of the United States for the district in which the land is, and an injunction against foreclosure issued by the court of ancillary jurisdiction. In re Patterson Lumber Company (D.C.) 228 F. 916; Id. (D.C.) 247 F. 578. Compare Security Mortgage Co. v. Powers, 278 U.S. 149, 49 S.Ct. 84, 73 L.Ed. 236."

Since the question certified for review pertains to the warehouse receipts, the same ruling must obtain both as to the wheat held in Nashville and that held in Franklin.

The receipts stand for the wheat, and the trustee cannot be entitled to the wheat unless he is entitled to the receipts.

In view of the ruling it is not necessary to pass upon the other questions presented by the parties in their petition for review and discussed in briefs.

Proper orders sustaining the petition for review and setting aside the order of the referee complained of should be prepared and submitted in accordance with this opinion.