### JAMES *v.* SCHMIDT.

*(City Court of Brooklyn, Special Term.* October 15, 1888.)

1. VENDOR AND VENDEE—ASSESSMENT—VACATION—DEDUCTION FROM PRICE.
> After defendant had agreed to purchase lots from plaintiff, he found that a street assessment had been confirmed and become a lien on the lots. He then refused to accept the property unless the amount of the assessment was deducted from the price. This was agreed to, the balance of the price was paid, and a deed delivered. Afterwards the assessment was vacated. *Held,* that plaintiff could not recover the amount of the assessment.

2. PRINCIPAL AND AGENT — RATIFICATION OF AGENT'S ACTS—ESTOPPEL.
     Where the deduction was agreed to, and the deed delivered by plaintiff's agent,
   and plaintiff accepted the balance of the purchase price, he ratified the agent's acts,
   and is estopped to deny his authority to allow the deduction.

Action by Mary E. James against Joseph W. Schmidt for the amount of
a street assessment deducted from the price of certain lots on Cooper street,
in the city of Brooklyn, sold by plaintiff to defendant. Defendant having
agreed to purchase the lots, refused to accept a deed unless the assessment
theretofore made should be deducted, and the deduction was allowed. The
assessment was afterwards vacated, and plaintiff demanded the amount thereof
from defendant.

  *Sidney V. Lowell,* for plaintiff. *William J. Gaynor,* for respondent.

  CLEMENT, C. J. The assessment in question was levied under chapter 248
of the Laws of 1885, and by section 2 of that act became a lien when confirmed
by the common council; but, before a warrant could issue for its collection, a
certificate by the corporation counsel was necessary. Section 6, c. 248, Laws
1885; section 6, tit. 7, Charter 1873. It does not seem material or necessary
to determine the question whether Cooper street was a public or a private
thoroughfare, as the assessment may have been voidable, but it clearly was not
void. When the contract was signed by the parties, the defendant found the as-
sessment confirmed, and a lien, and substantially agreed to buy lots on a paved
street, and, when the deed was delivered, insisted that the assessment should be
deducted from the purchase price, and refused to take title unless the assess-
ment was allowed. The representative of plaintiff accepted the balance of the
purchase money, and delivered the deed, and the plaintiff ratified his acts by
accepting such balance, and cannot now say that her agent had no authority
to allow the deduction. There was a dispute between the parties, and they
adjusted it between themselves, and the plaintiff allowed the defendant his
claim, and agreed that the assessment should be deducted from the purchase
price, and there was no agreement that the money should be retained as se-
curity for the payment of the assessment. The above conclusion seems, also,
just and equitable. The plaintiff should have ascertained, before the making
of the contract, the liens on her property; and in such case there would have
been no subsequent trouble. If the plaintiff should recover in this action,
such recovery would be the result of a technicality in the assessment proceed-
ings, and the defendant would own lots in a street not paved, when, by his
contract, he substantially agreed to buy on a paved one, as stated before. If
the assessment had been vacated during the existence of the contract, the de-
fendant could have asked to have the contract canceled. Whether he could
have succeeded I am not called upon to decide. He had the right to ask to
have it canceled; and the plaintiff, by her agent, whose acts have been rati-
fied, deprived him of that right by accepting the remainder of the purchase
price and delivering the deed. *Graham* v. *Meyer,* 99 N. Y. 611, 1 N. E. Rep.
143. Judgment for defendant, with costs.