ALONZO WILSON, Appellant, v. FRANK M. CROSNOE, Respondent.

### St. Louis Court of Appeals, March 7, 1893.

**Promissory Notes:** FAILURE OF CONSIDERATION.  If a person purchase from the tenants of land grain on which the landlord of the vendors has a lien, and, pursuant with his agreement with the tenants, and for the purpose of being enabled to deal with them exclusively, gives his unconditional promissory note to the landlord for the amount of the lien, the fact that the grain is less in amount than all parties supposed it to be, will not affect the landlord's right of recovery on the note.

*Appeal from the Mississippi Circuit Court.*—HON. H C. O'BRYAN, Judge.

REVERSED AND REMANDED.

*James A. Boone*, for appellant.

The evidence of Crosnoe, attempting to explain the meaning of the note should not have been admitted. Parol contemporaneous evidence is inadmissable to contradict or vary the terms of a written instrument. 1 Story on Contracts, sec. 820, *et seq.*; *Frissell v. Mayer*, 13 Mo. App. 331; *Jones v. Shaw*, 67 Mo. 667; *Henshaw v. Dutton*, 59 Mo. 140.    The instructions were misleading.

*J. J. Russell*, for respondent.

ROMBAUER, P. J.—The evidence in this case tended to show the following facts:   The plaintiff was owner

of a farm, which he had rented to various tenants. At the date of the instrument hereinafter set forth there was due to the plaintiff from his tenants a cash rent of $660. The defendant had made advances to the tenants, for which he claimed a lien on their crops, subject to the paramount landlord's lien of the plaintiff for rent. In January, 1889, the plaintiff's agent, the defendant and the tenants met on the farm, and the defendant as well as the plaintiff's agent believing that the crops of the tenants at its then market rate would realize enough to pay the rent due to the plaintiff, and leave a balance available to the defendant, the defendant executed and delivered to the plaintiff's agent the following instrument:

"WOLF ISLAND, Mo., January 26, '89.

"For value received, I promise to express from Cairo, Illinois, to A. Wilson, at O'Bion county, Tenn., $660 within five days from this date, January 25, 1889.

"F. N. CROSNOE."

In due time the defendant paid $546.62 of this note, but he refused to pay the balance on the ground that that was all he realized from the corn. The corn had not been weighed when the defendant executed this instrument, and neither of the parties knew what its exact quantity was.

The present action was brought to recover the balance of $113.38 due on this note, and the defense interposed was partial failure of consideration. The cause was tried before a jury, the trial resulting in a verdict and judgment for the defendant, to reverse which the present appeal is prosecuted. The errors assigned are the admission of irrelevant evidence, and misdirection of the jury by instructions.

Touching the facts above stated there is no controversy. The record, however, presents this peculiar state of facts. The plaintiff gave evidence tending to

show that he sold the corn to the defendant at a certain price per bushel, while all the testimony concedes that the corn did not belong to the plaintiff, but to his tenants, subject to his lien thereon for rent. On the other hand, the defendant gave evidence tending to show that he had no dealings whatever touching the price of the corn with the plaintiff's agent, but that his dealings were had exclusively with the tenants, and that he bought the corn of them. The defendant also testified himself that he promised to pay the sum unconditionally, without any reservation as to what the amount of the corn would turn out to be.

Under the state of the plaintiff's evidence his assignment of error, that the court erroneously admitted evidence tending to show a partial failure of consideration, is untenable. It is evident that, if the plaintiff sold the corn at a certain price per bushel to the defendant, and the aggregate of the corn at that price did not amount to $660, then to the extent of the shortage there was a failure of consideration, which the defendant was not precluded from showing in this action. *Wade v. Scott*, 7 Mo. 509; *Gamache v. Grimm*, 23 Mo. 38.

On the other hand, if the defendant's version of this transaction is correct, and the defendant did not buy the corn from the plaintiff but from the tenants, and, for the purpose of being enabled to deal exclusively with the tenants, executed the instrument sued upon, then the fact, that the corn was less in quantity than all the parties supposed it would be, had no bearing whatever on plaintiff's right of recovery. 1 Daniel on Negotiable Instruments, sec. 176; *Brown v. Weldon*, 27 Mo. App. 262, 269. The instrument being an unconditional promise, and executed, as the defendant himself

testified, unconditionally, the failure of consideration in the above event was not one between the contracting parties, but one between the defendant and third parties, and had nothing to do with this case.

But, even upon the plaintiff's version of the contract, the court erred in admitting evidence of what the defendant *realized from the corn.* What the defendant realized from the corn was an immaterial inquiry in any view of the case. The only inquiry admissible, according to plaintiff's version of the facts, is what was the shortage according to the price at which the plaintiff claimed to have sold the corn to the defendant.

The plaintiff offered a series of instructions telling the jury in substance that, if the defendant bought the corn from the tenants on a settlement made by all the parties, and thereupon promised to pay to the plaintiff the $660 unconditionally, then they must find for the plaintiff, and it was immaterial what the defendant realized out of the corn. These instructions the court refused to give. There was evidence to support them in the defendant's own testimony, as well as the testimony of the tenants, and, as they correctly stated the law as applicable to such evidence, they should have been given.

On the other hand, the court instructed the jury of its own motion in substance that, if the consideration of the note was the release of the rent lien, then they should find for the plaintiff only in case they found that the aggregate value of the corn was greater than the payment made by the defendant on the note. This instruction was clearly erroneous. The contract between the parties was to be determined by what they said and did, and not by what they secretly contemplated. There was on the one hand no evidence that the object of the sale was a release of a lien, the value of which was to be determined thereafter; nor was

there on the other hand any evidence of what the market value of the corn actually was.

For error in giving and refusing instructions, and in admitting evidence of what the defendant realized from the corn, the judgment is reversed and the cause remanded. Judge BOND concurs. Judge BIGGS concurs in the result.