In re SPALDING COTTON MILLS.

(District Court, N. D. Georgia. February 3, 1912.)

No. 2,941.

BANKRUPTCY (§ 288*)—ADVERSE CLAIM—SUMMARY PROCEEDING.

Where, a few days before a petition in bankruptcy was filed against a corporation, the acting chairman of its board of directors paid himself, out of moneys of the corporation in his hands, $1,000 claimed to be due him either under contract or on quantum meruit, his claim is adverse, and should be determined by plenary suit, and not by summary proceeding.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.*]

In Bankruptcy. In the matter of the Spalding Cotton Mills, bankrupt. On review of order of referee. Reversed.

Rosser & Brandon, T. E. Patterson, and W. H. Beck, for trustee.
Lewis W. Thomas and Walter C. Beeks, for bankrupt.

NEWMAN, District Judge.   In the matter now before the court
it appears that W. J. Kincaid was acting chairman of the board of di-
rectors of the Spalding Cotton Mills at the time the petition in bank-
ruptcy was filed against the Mills in this court, and a few days before
the petition in bankruptcy was filed he, having certain moneys in his
hands belonging to the Mills, paid himself $1,000, which he claimed
was due him, and now claims was due him, first, under a contract,
and, if not, then on quantum meruit. The trustee appeared before
the referee by a petition to require him to turn the money thus paid
to himself over to the trustee. The referee found against Kincaid,
and directed that he pay the money over, and this action is brought
before the District Court for review.

The first question made in this case, and for determination by the
court, is whether or not this is a matter in which the summary juris-
diction of the court could be invoked, or whether the matter is one
in which the respondent to the rule is entitled to have a plenary suit
brought against him, and his rights as against the bankrupt estate
determined in such a suit. The case of Mueller v. Nugent, 184 U. S.
1, 22 Sup. Ct. 269, 46 L. Ed. 405, is the authority upon which this
case largely turns. In that case the son of the bankrupt had collected
for his father certain moneys only a few days before the petition in
bankruptcy was filed, and a large part of it only a few hours before,
and on the same day that the bankruptcy petition was filed. Rule was
first instituted against the bankrupt, and that was dismissed, and a
rule brought against the son, who held the money for his father. In
the opinion of the Supreme Court it is said on the particular question
here:

"There was no pretense that at the date of the filing of this petition in
bankruptcy this money of the bankrupt, $4,133.45 of which had been col-
lected a few days, and $10,100 a few hours, before, was held subject to
any adverse claim, or that the right or title thereto had been passed over to
another. The position now taken amounts to no more than to assert that
a mere refusal to surrender constitutes an adverse holding in fact, and
therefore an adverse claim when the petition was filed; and to that we
cannot give our assent. But suppose that respondent had asserted that he
had the right to possession by reason of a claim adverse to the bankrupt;
the bankruptcy court had the power to ascertain whether any basis for such
a claim actually existed at the time of the filing of the petition. The
court would have been bound to enter upon that inquiry, and in so doing
would have undoubtedly acted within its jurisdiction, while its conclusion
might have been that an adverse claim, not merely colorable, but real, even
though fraudulent and voidable, existed in fact, and so that it must de-
cline to finally adjudicate on the merits. If it erred in its ruling either
way, its action would be subject to review. In this case, however, respond-
ent asserted no right or title to the property before the referee, and the
circumstances under which he held possession must be accepted as found
by the referee and the District Court."

It will be seen that it is held that the District Court, in a case like
this, should enter upon the inquiry to see whether there is a real ad-
verse claim, and if it finds that it exists, and is not merely colorable,

even though it may be fraudulent and voidable, it should proceed no further, but leave the matter to be determined in a plenary proceeding between the trustee and the adverse claimant.

Nugent had collected the money for the bankrupt, as has been stated, only a few hours before the petition in bankruptcy was filed, and made no claim to it whatever, which makes a very different case from the case at bar. Here, before the bankruptcy proceedings were instituted, Kincaid had paid himself, and, at the time the petition was filed, held it, not as chairman of the board of directors, but for himself individually, with an adverse claim, which is not only set up, but is very strenuously and earnestly asserted. Whether his claim should be sustained hereafter is not a matter for determination, or even for consideration here.

In Jaquith v. Rowley, 188 U. S. 620, 23 Sup. Ct. 369, 47 L. Ed. 620, where a similar question was discussed, the Supreme Court, after referring to the Nugent Case, in the opinion says this:

"In other words, Nugent's Case simply holds that, where the agent held money belonging to the bankrupt, to which he made no claim, but simply refused to give up the property, which he acknowledged belonged to the bankrupt, the bankruptcy court had power, by summary proceedings, to order him to deliver such property to the trustee in bankruptcy."

The cases decided in the District Courts, I think, support the view that, in a case like the one now before the court, the rights of the parties should be determined by a plenary proceeding by the trustee against the adverse claimant, and not by summary proceeding such as that now before the court. They are all collated in 3 Remington on Bankruptcy, §§ 1863, 1864 (pp. 572, 573), and in Collier on Bankruptcy (8th Ed.) § 23, pp. 399–401.

The action of the referee is disapproved, without prejudice to the right of the trustee to proceed against W. J. Kincaid in such way as he may be advised by plenary proceeding.