(79 Misc. Rep. 611.)

REALTY FEDERATION OF NEW YORK v. NEW YORK OPERATING CO.

(Supreme Court, Appellate Term, First Department. March 7, 1913.)

1. MONEY RECEIVED (§ 6*)—RIGHTS OF ASSIGNEE—VENDOR AND PURCHASER.

Failure of defendant, as a purchaser of land, to apply, to the payment of taxes and water rents, money retained from the price for that purpose, gives no right to plaintiff to recover the amount as assignee of the vendor.

[Ed. Note.—For other cases, see Money Received, Cent. Dig. §§ 15, 21–27; Dec. Dig. § 6.*]

2. MONEY RECEIVED (§ 6*)—RIGHTS OF MORTGAGEE—TAXES AND WATER RENTS.

Nor can plaintiff recover, as mortgagee of the land and as the "real party in interest," the taxes and water rents appearing to have been paid by a purchaser of the land under foreclosure of the mortgage.

[Ed. Note.—For other cases, see Money Received, Cent. Dig. §§ 15, 21–27; Dec. Dig. § 6.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the Realty Federation of New York against the New York Operating Company. Judgment for plaintiff, and defendant appeals. Reversed, and complaint dismissed.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Robert S. Conklin, of New York City, for appellant.

Feiner & Maass, of New York City (Benjamin F. Feiner and Nathan Ballin, both of New York City, of counsel), for respondent.

SEABURY, J. [1, 2] This action is brought on the theory of money had and received. One Korth was the owner of the premises No. 1234 Intervale avenue, borough of the Bronx, and one Loscarn made an agreement with the defendant, whereby he agreed to convey the property referred to to the defendant free and clear of taxes and water rents. At the closing of the title, Loscarn, who was not the owner of the property, tendered a deed from Korth to the defendant. In accepting the deed the defendant was allowed $202.99 on account of the unpaid taxes and water rents then a lien upon the property. The property was subject, also, to a mortgage held by the plaintiff. Subsequent to the conveyance to the defendant, a foreclosure suit was commenced, and the property was purchased by one Collet, who conveyed to Cahn, who subsequently paid the taxes and water rents.

The plaintiff contends that, as the defendant in taking the property from Korth, pursuant to the terms of its contract with Loscarn, was allowed $202.99 for taxes and water rents, it should have applied this money to the satisfaction of those claims, and that its failure so to do resulted in depriving the plaintiff of this amount. The contention of the plaintiff is without merit. Upon the facts proved, the plaintiff had no cause of action against the defendant. The plaintiff predicates its claim upon two grounds: First, that it is the assignee

of Korth; and, second, that it is the real party in interest. As the assignee of Korth, the plaintiff has no claim. When Korth conveyed the property to the defendant, and allowed the latter $202.99, the amount of the taxes and water rents, her interest in the property ceased. Cohen v. Steckler, 125 App. Div. 613, 110 N. Y. Supp. 13. She was not after that time personally liable for the taxes and water rents, and it made no difference to her whether the defendant paid the taxes and water rents, or applied that money for any other purpose. The failure of the defendant to apply this money to the satisfaction of the taxes and water rents gave Korth no cause of action against the defendant, and the plaintiff, as her assignee, stands in no better position than its assignor.

The claim that the plaintiff is the "real party in interest" begs the question at issue. It has been shown that the plaintiff is not the real party in interest by virtue of the fact that it is the assignee of Korth, and the fact that the plaintiff had a mortgage upon the property when it was conveyed gave the plaintiff as mortgagee no claim against the defendant for its failure to pay the taxes and water rents. So far as appears from the record, the taxes and water rents were paid by Cahn, who was the grantee of Collet, the purchaser of the property at the foreclosure sale.

Upon these facts, there is no cause of action in favor of the plaintiff against this defendant.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.