## In re PHŒNIX PLANING MILL.

### (District Court, N. D. Georgia. April 2, 1918.)

BANKRUPTCY ☞288(1)—JURISDICTION OF BANKRUPTCY COURT—ADVERSE CLAIM TO PROPERTY.

Where property is in possession of a third party, claiming title adversely to the bankrupt, based upon a transfer antedating the bankruptcy, the claim of the trustee thereto cannot be summarily determined by a referee, but a plenary suit is necessary.

In the matter of the Phœnix Planing Mill, bankrupt. On rule of W. A. Fuller, trustee, against G. B. Everroad. Rule discharged.

Burress & Dillard, of Atlanta, Ga., for claimant.
Smith, Hammond & Smith, of Atlanta, Ga., for trustee.

NEWMAN, District Judge. This is a proceeding by the trustee in bankruptcy against a third party, seeking to attach him for contempt for failing to turn over certain lumber to him as trustee for the Phœnix Planing Mill.

At the threshhold of the matter the question of jurisdiction was raised before the referee and is raised here. The question made is that it is not a case in which the referee could summarily decide the question as to the right to the property in question, which is a portion of a car of lumber. Everroad, the claimant, contends that he had the right to the lumber at the time the Phœnix Planing Mill went into bankruptcy, because he had bought it and directed it to be delivered to the Patillo Lumber Company, and it was delivered on the side track of that company, and was there when the bankruptcy proceedings were instituted. Subsequently Everroad still claimed the right to the lumber and had it removed to his own yard.

In the case of Mueller v. Nugent, 184 U. S. 1, 15, 22 Sup. Ct. 269, 275 (46 L. Ed. 405) Chief Justice Fuller, delivering the opinion of the Supreme Court, said this:

"But suppose that respondent had asserted that he had the right to possession by reason of a claim adverse to the bankrupt, the bankruptcy court had the power to ascertain whether any basis for such a claim actually existed at the time of the filing of the petition. The court would have been bound to enter upon that inquiry, and in doing so would have undoubtedly acted within its jurisdiction, while its conclusion might have been that an adverse claim, not merely colorable, but real, even though fraudulent and voidable, existed in fact, and so that it must decline to finally adjudicate on the merits. If it erred in its ruling either way, its action would be subject to review."

In the later case of Babbitt v. Dutcher, 216 U. S. 102, 113, 30 Sup. Ct. 372, 377 (54 L. Ed. 402, 17 Ann. Cas. 969) in the opinion of the Supreme Court, also by Chief Justice Fuller, this language is used:

"There are two classes of cases arising under the act of 1898 [Comp. St. 1916, § 9585 et seq.] and controlled by different principles. The first class is where there is a claim of adverse title to property of the bankrupt, based upon a transfer antedating the bankruptcy. The other class is where there is no claim of adverse title based on any transfer prior to the bankruptcy, but where the property is in the physical possession of a third party or of an agent

of the bankrupt, or of an officer of a bankrupt corporation, who refuses to deliver it to the trustee in bankruptcy. In the former class of cases a plenary suit must be brought, either at law or in equity, by the trustee, in which the adverse claim of title can be tried and adjudicated. In the latter class it is not necessary to bring a plenary suit, but the bankruptcy court may act summarily, and may make an order in a summary proceeding for the delivery of the property to the trustee, without the formality of a formal litigation."

See, also, In re Spalding Cotton Mills (D. C.) 193 Fed. 554.

I think these two cases sufficiently state the rule which is controlling in this matter. Of course there are a number of cases, a very large number, bearing upon the question; but these, I think, sufficiently state what is the test of the jurisdiction of the referee in this case, and it is clear from the facts, as I understand them, that it was not a case for proceeding summarily, but was a case in which a plenary suit was necessary.

For this reason I am unable to agree with the action of the referee, and it will be so held; that is, that a plenary proceeding is necessary. The papers are sent back to the referee, with direction to retain this case until the petition in a plenary suit is filed, or until a reasonable time has elapsed for filing the same, when this case shall be dismissed.