TONY VORCHETTO, RESPONDENT, v. LEWIS B. SAPPENFIELD, APPELLANT.[*]

Kansas City Court of Appeals. March 4, 1929.

---

[*]Corpus Juris-Cyc References: Contracts, 13CJ, section 244, p. 369, n. 6; section 246, p. 369, n. 18; Vendor and Purchaser, 39Cyc, p. 1603, n. 20.

*Borders & Borders* and *Cornelius Roach, Jr.,* for appellant.

No brief for respondent.

BLAND, J.—This is a suit arising in a justice court wherein plaintiff filed a statement alleging that on June 18, 1923, he sold a house and lot located in Kansas City to the defendant; that at the time of the sale the city of Kansas City was the owner of a lien against such property in the sum of $92.13; representing a special assessment for the Turkey Creek Sewer; that plaintiff and defendant agreed at the time of the sale that the plaintiff should pay the defendant the sum of $92.13 "to pay said special assessment to Kansas City;" that by reason of a special bond election defendant was not required to pay such assessment and "that the sum of $92.13 is due plaintiff from the defendant by reason thereof."

The case was tried in the circuit court without the aid of a jury resulting in a judgment in favor of the plaintiff in the sum of $92.13. Defendant has appealed.

The facts show that on June 1, 1923, plaintiff entered into a written contract with defendant providing for the sale of the premises in question. The contract provided that the sale price should be $2000; $100 of this sum was to be paid upon the signing of the contract and $150 at the time of the delivery of the deed to the defendant. The balance of the purchase price was to be paid by defendant assuming an $800 deed of trust upon the property and by giving to the plaintiff a note in the sum of $950 payable in monthly installments of $25 each. The contract provided that plaintiff was to pay all State, county and municipal taxes, general and special and all assessments which were a lien on the property. Thereafter the contract was changed by the insertion therein of the following provision:

"Buyers assume last three installments of Turkey Creek Sewer $92.13 and State and county taxes, 1923 $20.04 and note is made for $835 instead of $950, and months of June, 1924, 1925 and 1926 no payments to be required and bal. paid in cash."

The evidence shows that prior to the execution of the contract of sale plaintiff paid one installment on the Turkey Creek Sewer tax and after the sale had been consummated defendant paid an installment.

On June 18, 1923, the contract was fully executed by both parties. However, at the last mentioned date the Turkey Creek Sewer tax in the sum of $92.13 and the State and county taxes in the sum of $20.04 had not been paid.

After the contract had been consummated the city voted bonds for the payment of the Turkey Creek Sewer tax and refunded to plaintiff and defendant the installments they paid. By reason of the voting of the bonds defendant was not required to pay the three unpaid installments of the sewer tax amounting to $92.13.

The court refused a declaration requested by defendant to find in his favor and the refusal of this declaration is assigned as error by the defendant. In our opinion, there is no theory upon which the judgment of the trial court can be sustained. Plaintiff has failed to file a brief in this court and we are at a loss to know upon what theory the court rendered a judgment in his favor. There is nothing in the record tending to show the reason for the alternative contract as originally made. It would appear, however, that defendant's note was reduced by the altered contract by approximately an amount equal to the two items of taxes, which defendant assumed to pay in the altered agreement, but which plaintiff was required to pay in the original contract. It may be that the new agreement was for the purpose of releasing plaintiff from the obligation to pay the taxes and requiring defendant to pay them in consideration of the reduction by plaintiff in the purchase price of the property. Yet, we are at a loss to know what theory the court rendered judgment in favor of the plaintiff.

If it was the theory of the trial court that there was a mutual mistake of fact when the alteration of the contract was made, in that it was thought that defendant would be required to pay the balance of $92.13 on the sewer tax and for that reason plaintiff reduced the amount of the purchase price of the property, then this was not a mistake of fact. In contemplation of law such a mistake must have been in relation to the existence or nonexistence of a fact, past or present, material to the contract and not as to some future contingency. [Kowalke v. Mil. Elec. Ry. et al., 103 Wisc. 472, 476; 2 Pomeroy's Equity Jurisprudence, sec. 854.]

If the trial court was under the impression that there was a failure of consideration, in that it turned out that the defendant was not required to pay the tax, then he likewise was in error because the consideration was fully executed by both parties at the time the contract was consummated by the delivery of the respective deeds and the note. Had the city not forgiven the tax and defendant had failed to pay the same, and as a result the lien had been foreclosed to plaintiff's damage, there would have been no failure of consideration but merely a breach of the contract, if anything. [Smith v. Western Trust

& Guaranty Co., 150 Ill. App. 587.] However, the trial court could not have allowed a recovery on the theory that there was a breach of contract on the part of the defendant as the agreement was performed although defendant did not pay the tax. If defendant were able to procure someone else to pay it for him or could have persuaded the city to forgive or cancel the tax for some reason or by some fortuitous circumstance the obligation to pay the tax ceased to exist, that would be the business of defendant and plaintiff would not have cause to complain. Although by reason of a subsequent event, that is the bond election, plaintiff gave up more than this event proved was necessary, it is well settled that because one suffers a disappointment in his bargain a failure of consideration does not arise as that term is employed in the Laws of Contracts. [See 5 Page on the Law of Contracts, sec. 2978; 6 R. C. L. p. 684; Wilson v. Crosnoe, 53 Mo. App. 241; Hill v. Dillon, 176 Mo. App. 192, 201-205.]

The judgment is reversed. *Arnold, J.,* concurs, *Trimble, P. J.,* absent.