## WALRADT v. MILLER et al.

### No. 64.

Circuit Court of Appeals, Second Circuit.
Dec. 1, 1930.

kept the accounts, but was to, under his arrangement with Miller, and did, reserve and exercise complete dominion over them, there arises a conclusive presumption that the first assignment was fraudulent as to creditors. Benedict v. Ratner, 268 U. S. 353, 45 S. Ct. 566, 69 L. Ed. 991. The trustee is now entitled to have assigned to him any uncollected accounts covered by the assignment of December 11 which were outstanding and unpaid when the petition in bankruptcy was filed January 11, 1927, and to have any money collected by Miller after January 11, 1927, on the accounts assigned in December also turned over. But it is not enough that the assignment was invalid to entitle him to recover any money received by Miller before bankruptcy either from Cohen or directly from the collections made by Miller himself on the accounts assigned. At the worst, such payments to Miller were only preferential. Lee v. Bank & Trust Co. (C. C. A.) 38 F. (2d) 45, 48. The evidence tending to show that they were preferential was not found sufficient by the District Court to make out that cause of action, and as to that the complaint was dismissed. By failing to appeal, the trustee has acquiesced in such dismissal.

Accordingly, the decree is modified to permit the defendants to retain all moneys received by them, or either of them, as payments on the loans, before the petition in bankruptcy was filed, either from the bankrupt or from the collection by Miller of accounts covered by the assignment of December 11, 1926, and, as so modified, is affirmed.

David Haar, of New York City, for appellants.

Arthur Leonard Ross, of New York City, for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

As there was evidence to support the findings of the District Court that the assignments were given as security only and that Cohen was allowed to and did exercise dominion over all the accounts first assigned as though they were his own up to the time Miller took them over in January, we should and do treat both those findings as establishing the facts. Coder v. Arts (C. C. A.) 152 F. 943, 946. From the fact that Cohen not only