## In re QUAN WEING et al.

## BERLINER v. LEUNG DIN LUM et al.
### No. 315.

Circuit Court of Appeals, Second Circuit.
May 29, 1939.

Copal Mintz, of New York City, for trustee appellant.

Benjamin H. Eicoff, of New York City (Bernard L. Seligman, of New York City, of counsel), for appellees.

Before SWAN, CHASE, and CLARK. Circuit Judges.

## CHASE, Circuit Judge.

Quan Weing, Sun Shung, Chan Hong, and Chan Suey Kee, as individuals and as co-partners in business under the firm name of Sun Quong Jan & Co., were duly adjudicated bankrupts on their voluntary petition in the District Court for the Southern District of New York on October 28, 1937, and the appellant is the trustee in bankruptcy. On June 17, 1938, he obtained an order to show cause in a turnover proceeding against the appellees who were formerly employed by the bankrupts and who received unusually large payments of over-due wages within two months of the date of the filing of the bankruptcy petition. The appellees moved to dismiss on the ground that they were adverse claimants and the court had no summary jurisdiction. The motion was granted. The district court on review held that their claims were not colorable and affirmed the decision of the referee. The trustee has appealed.

The evidence was uncontradicted that the appellees were creditors of the bankrupts at the time of the payments; that wages were then due each of them in excess of the amounts each were paid though each of them received more than he had earned within the three months preceding the commencement of the bankruptcy proceeding. The trustee made no claim of right to recover such amounts from the appellees upon any ground other than that they were voidable preferences, and this record does not show any other basis upon which he could have asserted a right of recovery. The outcome of the appeal depends upon whether they may be recovered in a summary proceeding without resort to a plenary action.

Since the federal government has exclusive control over bankruptcy matters, there can be no doubt of the power of Congress to provide for summary federal jurisdiction to determine the right of a trustee in bankruptcy to property adversely claimed. It did not, however, in the Act of 1898 provide generally for such jurisdiction over claims asserted by a trustee against third persons. Taubel, etc. Co. v. Fox, 264 U.S. 426, 431, 44 S.Ct. 396, 68 L. Ed. 770. Whether claims against third persons may be adjudicated in summary proceedings in the bankruptcy court without the consent of such third persons depends upon whether the property sought is in the possession, actual or constructive, of the court. The court does have possession of whatever property the bankrupt possessed on the date the petition in bankruptcy was filed, Page v. Edmunds, 187 U. S. 596, 23 S.Ct. 200, 47 L.Ed. 318; of what the trustee once received and which was unlawfully taken from him, White v. Schloerb, 178 U.S. 542, 20 S.Ct. 1007, 44 L.Ed. 1183; of property held by the bankrupt's agent or bailee, Mueller v. Nugent, 184 U. S. 1, 22 S.Ct. 269, 46 L.Ed. 405; of property in the custody of a person who does not claim it, Babbitt v. Dutcher, 216 U.S. 102, 30 S.Ct. 372, 54 L.Ed. 402, 17 Ann. Cas. 969; and of property held by one who does claim it but whose claim is so insubstantial in fact or law or both that it is only colorable, May v. Henderson, 268 U. S. 111, 116, 45 S.Ct. 456, 69 L.Ed. 870. Whenever a petition for a summary order is filed the court has the power to determine whether it has actual or constructive possession of the property involved. That act is within its jurisdiction and subject to review on appeal. But if there is no error and the court finds that it has no possession of the property either actual or con-

structive, its summary jurisdiction has been exhausted and the petition should be dismissed whenever there has been no consent to have the matters in issue decided summarily. This preliminary inquiry is directed to the question of jurisdiction and cannot extend to the merits of a claim beyond the point where the person who objects to the summary procedure is found to hold adversely on some substantial basis. Taubel, etc., Co. v. Fox, supra.

One who is a bona fide creditor and receives payment on the debt owed to him does not take or keep possession of what he so receives in the right of the bankrupt but in his own right. That right may be subordinate to the right of a trustee in bankruptcy to recover under Sec. 60b, Bankr.Act, 11 U.S.C.A. § 96(b), because it is a voidable preference but if the status of the third party as an actual creditor is established and the fact of payment before petition filed is shown, there is no summary jurisdiction supportable on the ground that what the trustee seeks came into the actual or constructive possession of the court on the filing of the bankruptcy petition. It had before then, on the contrary, not only passed out of the possession of the bankrupt but into the possession of one who took in no sense in behalf of the bankrupt. Under such circumstances the adverse claim is not colorable; and there is no summary jurisdiction to be invoked, in the absence of consent, to recover bona fide payments made on an actual debt prior to the filing of the bankruptcy petition. In re Rockford Produce & Sales Co., 7 Cir., 275 F. 811; In re Olweiss, D.C., 10 F. Supp. 743; In re Lummus, D.C., 214 F. 891; In re Vallozza, D.C., 225 F. 334; In re Spalding Cotton Mills, D.C., 193 F. 554; 5 Remington, 4th Ed., Sec. 2166. See, also, In re Steinreich Associates, 2 Cir., 83 F.2d 740; In re Auerbach, 2 Cir., 202 F. 192. Such a claim is within the first class mentioned in Babbitt v. Dutcher, 216 U.S. 102, 113, 30 S.Ct. 372, 54 L.Ed. 402, 17 Ann.Cas. 969. Compare Weidhorn v. Levy, 253 U.S. 268, 272, 40 S.Ct. 534, 64 L. Ed. 898.

The case of In re Borok, 2 Cir., 50 F. 2d 75, is a good illustration of the principles governing this appeal. That bankrupt had, before the filing of the petition, assigned accounts receivable to an actual creditor but the assignment was so clearly void under the rule of Benedict v. Ratner, 268 U.S. 353, 45 S.Ct. 566, 69 L.Ed. 991, that the assignee did not hold adversely the accounts which had been included in the void assignment and which remained uncollected at the time the bankruptcy petition was filed. As to those accounts and as to collections made on such accounts subsequently to the filing of the petition, it was held that summary jurisdiction existed. But as to payments and the proceeds of assigned accounts collected by the assignee before the petition was filed, we held that there was no summary jurisdiction on the ground that the creditor's claim was not merely colorable.

These appellees, whether the payments they received were voidable preferences or not, and we now express no opinion as to that, were at least bona fide creditors who were partially paid as such before proceedings in bankruptcy were commenced. They could have substantial and adverse claims to be adjudicated even though in a proper action the trustee should succeed in proving that they were based only on voidable preferences. Harrison v. Chamberlain, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897.

Accordingly the dismissal of the proceedings for lack of summary jurisdiction was correct.

Affirmed.