## In re CAPITAINE.
### No. 37088.

District Court, E. D. New York.

Feb. 1, 1940.

Robert J. Blum, of New York City, for J. B. Lyon Co.

Duberstein & Schwartz, of Brooklyn, N. Y., for trustee.

GALSTON, District Judge.

J. B. Lyon Company seeks a review of an order of the referee declaring that a certain assignment executed by the bankrupt to the petitioner was void as against the trustee in bankruptcy and that the said trustee is entitled to receive from the American News Company the monies due from that company to the bankrupt estate in the sum of $2,162.27.

The trustee's petition alleged that the bankrupt, on or about February 20, 1939, while insolvent and with full knowledge of his insolvent condition and with the intent to secure an antecedent indebtedness to J. B. Lyon Company, executed an assignment in the sum of $1,290.07 of the account due or to become due from the American News Company, Inc., which assignment was to be a secret lien and not to become effective until June 30, 1939. It is alleged that J. B. Lyon Company had received said purported secret assignment in knowledge of the bankrupt's insolvent condition; that on May 23, 1939, the bankrupt filed a voluntary petition in bankruptcy, accompanied by a schedule setting forth liabilities of $19,834.-96 and assets of $5,402.11. It is contended that the assignment is void as against the trustee in bankruptcy as in violation of

Secs. 60, 67, and 70 of the Bankruptcy Act, 11 U.S.C.A. §§ 96, 107, 110, and Article 10, section 270 et seq., of the Debtor and Creditor Law of the State of New York, Consol.Laws, c. 12.

The bankrupt testified that he entered into a contract with J. B. Lyon Company for the printing of the magazine "Woman"; that two issues were printed, a fall and a winter issue; that from his own bank account he paid for the printing of the fall issue. The bill of the petitioner, J. B. Lyon Company, for the winter issue is dated January 20, 1939, and is in the amount of $1,290.07. The bill bears the legend "Special Terms". Between January 20 and February 20, 1939, the bill had not been paid, but the bankrupt had conversations with officers of the J. B. Lyon Company. The bankrupt stated that he would be unable to go on with his publications. Such conversations were held prior to January 20 and subsequently, and he told Winchester, an officer of the J. B. Lyon Company, that he had only $29 or $30 in the bank and showed him the bank balance; and that at that time he owed about $12,000. Thereafter the assignment in question bearing date February 20, 1939 was executed. In this assignment the bankrupt transferred to the extent of $1,290.07 to the J. B. Lyon Company, monies then due or to become due from the American News Company, Inc., arising out of the sale of the winter 1939 issue of "Woman" or of any subsequent issue, pursuant to a contract between the Capitaine Publishing Company and the American News Company. At the foot of the assignment there appears this paragraph:

"This is to be submitted by us to the American News Company for acceptance by them only in the event that the note given us by Capitaine Publishing Company, covering the winter 1939 issue of 'Woman' is not met by the assignor on its maturity date, June 30, 1939.

"J. B. Lyon Company
"Harold P. Winchester,
"Treasurer"

The J. B. Lyon Company was also given a note in the sum of $1,290.07, dated March 30, 1939, payable in 90 days. This note had been executed in January and bears the post date of March 30, 1939.

It appears that in the dealings between the parties concerning the printing of the fall issue, an assignment had also been given; and that monies collected by the bankrupt from the American News Company were deposited in his own account, and a check issued out of that general account to the order of J. B. Lyon Company. The winter issue had been delivered to the American News Company some time in January, prior to the receipt of the bill from the Lyon Company and the delivery of the assignment.

Winchester testified that he had had a conversation in August 1938 with the bankrupt at which time he was shown a financial statement from which it appeared to him that the bankrupt was solvent, though the statement shown was for three or four months back. The bankrupt did not produce a current statement and Winchester expressed his dissatisfaction. That led to a request for protection by an assignment of the newsstand sales. Winchester testified that everything went along satisfactorily in accordance with the plan as to the first issue. The first issue note was due March 18, 1939 and Capitaine called to say that he had a check to pre-pay the note. Winchester said it was not until March 31, 1939 that he learned from his associate, McSweeney, that the bankrupt owed about $12,000 and that all its assets were an estimated $2,000 due from the News Company. Thereafter, on or about April 5, 1939, he said he notified the American News Company of the assignment, though it appears that a letter giving such notice was written to the American News Company on March 21, 1939.

The American News Company appeared in the proceeding before the referee and admitted that as of September 19, 1939 there was due from that company to the bankrupt estate the sum of $2,162.27. The amount claimed by J. B. Lyon Company under the alleged assignment is the sum of $1,290.07 and it follows that the trustee in bankruptcy is entitled to receive from the American News Company the difference of $872.20. As to the title to the balance the J. B. Lyon Company objects to the summary jurisdiction of the court.

The referee found that at the time of the filing of the petition in bankruptcy on May 23, 1939, and from August 1938, the bankrupt was insolvent. The referee also found as a fact, and the proof also supports that conclusion, that with knowledge of the financial condition of the bankrupt the J. B. Lyon Company requested the bankrupt to execute the assignment of February 20, 1939. This assignment on its

face provided that the bankrupt receive as property of the assignee any funds applicable to the claim which at any time come into the possession of the assignor; and that the assignor then immediately deliver the same to the assignee. The provision in the assignment that the J. B. Lyon Company was not to notify the American News Company of the assignment except in the event that the note given the J. B. Lyon Company by the bankrupt was not met on its maturity date, June 30, 1939, gave control of the funds to the bankrupt. It would appear from what was said in Re Borok, 2 Cir., 50 F.2d 75, and in Re Goldman, D.C., 5 F.Supp. 973, that this court has summary jurisdiction.

Likewise it has the jurisdiction to determine summarily the right to collect the funds from the American News Company and to determine the status of the alleged assignment. In re Quan Weing, 2 Cir., 104 F.2d 112; In re Prince, 2 Cir., 89 F.2d 681; and In re American Fidelity Corporation, D.C., 28 F.Supp. 462.

■ Likewise it follows that since the bankrupt retained control over the assigned account the assignment is void as against the trustee in bankruptcy. Benedict v. Ratner, 268 U.S. 353, 358, 45 S.Ct. 566, 69 L. Ed. 991; Walradt v. Miller, 2 Cir., 45 F. 2d 686; Irving Trust Company v. Finance Service Company, 2 Cir., 63 F.2d 694.

The order of the referee will therefore be affirmed. Settle order on notice.