In re JEFFERSON HOMES, Inc.
No. 40295.

District Court, E. D. New York.
Aug. 29, 1941.

520

I. Robert Bassin, of Jamaica, N. Y., for trustee.

Maurice Janklow, of New York City, for Alexander Zager.

Sidney Paymer, of Jamaica, N. Y., for Frederick Goetz.

Samuel L. Meltz, of Jamaica, N. Y., for Tufano Contracting Corporation.

Harry D. Mencher, of Jamaica, N. Y., for Irving Kahn.

Charles Diringer, of Jamaica, N. Y., for Ida Minieri.

Henry J. Latham, of Jamaica, N. Y., for Camocatti Corporation.

Oberlander & Oberlander, of Brooklyn, N. Y., for Standard Tile Co. Inc.

CAMPBELL, District Judge.

This is a motion brought on by an order to show cause, for an order directing that the trustee herein be authorized to take all necessary proceedings to obtain from the Treasurer of the City of New York, the sum of $49,535 awarded to the bankrupt by the City of New York, in a condemnation proceeding, more fully set forth in the petition annexed to the notice of motion, directing that all the claimants to the said fund present their claims to said fund in the Bankruptcy Court for determination as to the amount and validity thereof, and why the said claimants should not be enjoined and restrained from proceeding to collect said alleged claims, except in bankruptcy, and why the trustee should not have such other and further relief as may be just and proper in the premises.

The fund in question is now in the hands of the City of New York, being in the hands of its City Treasurer.

By a final judgment or decree entered in said condemnation proceedings on April 8th, 1940, it was provided that an award of $44,000 be made to Jefferson Homes, Inc., subject to certain mortgages, all of which with one exception have been satisfied of record.

On November 18th, 1940, vouchers were issued by the Comptroller of the City of New York, payable to Jefferson Homes, Inc., in the total sum of $49,535.50 which represented the said award of $44,000 with $5,535.50 interest to November 18th, 1940, the date when said award was ready for payment.

An involuntary petition in bankruptcy was filed against Jefferson Homes, Inc., on January 21st, 1941, and on its consent the said Jefferson Homes, Inc., was adjudicated a bankrupt on January 21st, 1941, and the matter was referred to Henry C. Frey, Esq., referee in bankruptcy. A motion was thereafter made by the trustee before said referee in bankruptcy for substantially the same relief sought herein. In the proceeding before the referee the City of New York was made a party, but in the instant proceeding before this Court the

City is not made a party. The referee thereafter, on June 26th, 1941, filed a memorandum, a copy of which is attached to the moving papers, specially disqualifying himself on that motion. Thereafter this motion was made before this Court.

There is no showing that the City of New York had or has any claim adverse to the bankrupt.

The bankrupt had on the date of the filing of the petition and adjudication, on January 21st, 1941, at least constructive possession of the said award, except as to such part, if any, as may have passed by absolute assignment to any of the claimants, as distinguished from a lien, or liens, if any, that may be claimed by any of the claimants. Some part of the award, in any event, appears to be coming to the Estate.

■ That vests this Court generally with jurisdiction. Mueller v. Nugent, 184 U.S. 1, 22 S.Ct. 269, 46 L.Ed. 405; Babbitt v. Dutcher, 216 U.S. 102, 30 S.Ct. 372, 54 L.Ed. 402, 17 Ann.Cas. 969; Chicago Board of Trade v. Johnson, 264 U.S. 1, 44 S.Ct. 232, 68 L.Ed. 533; In re Borok, 2 Cir., 50 F.2d 75; In re Roman, 2 Cir., 23 F.2d 556; In re Quan Weing, 2 Cir., 104 F.2d 112; In re Lissak, 2 Cir., 110 F.2d 370.

■ The City of New York is properly not made a party because the money being deposited with the City Treasurer, under the terms of the City Charter, the same can only be ordered paid by the State Supreme Court, but that does not prevent this Court from determining who are entitled to liens upon the fund, and in what amounts. In re Weston, 2 Cir., 68 F.2d 913, 98 A.L.R. 319.

The following respondents appeared and opposed the granting of this motion. Alexander Zager; Frederick Goetz; administrator of the estate of Rose Goetz, deceased; Tufano Contracting Corporation; Irving Kahn; Ida Minieri and Camocatti Corporation. They opposed on the ground with others that they were adverse claimants, and that the Court could not proceed summarily against them, but that their rights must be determined in a plenary action. If their contention that they are adverse claimants be sustained, of course, the Court could not determine their rights in a summary proceeding, and they would be entitled to have their rights determined in a plenary action.

■ This Court, however, as a court of bankruptcy, will not permit itself to be ousted of Jurisdiction by the mere assertion of an adverse claim. May v. Henderson, 268 U.S. 111, 45 S.Ct. 456, 69 L.Ed. 870.

■ I will send the matter to a referee, with instructions to hear, and report, as to whether the opposing claimants, or any of them, are adverse claimants, and if they are not adverse claimants, to proceed to hear and report as to their claims.

The respondent, Standard Tile Co. Inc., appeared and joined in the application of the trustee.

■ The remaining respondents, Igoe Bros., Inc.; Faber, Fink & Stuart; Mario Galletta; Rosetta Gustaferri; Frank Brown; Philip Rosenblum; Henry Wulforst and Elizabeth F. Wulforst, have neither appeared nor answered. That, together with the joining in the application of the trustee by Standard Tile Co. Inc., constitutes the requisite consent that this Court take Jurisdiction of the determination of their claims to the fund. Mac Donald v. Plymouth Trust Co., 286 U.S. 263, 52 S. Ct. 505, 76 L.Ed. 1093.

The referee in bankruptcy, to whom this matter is referred, should proceed to hear and report as to their claims.

In the event that any of the opposing claimants are found to be adverse claimants, the trustee will have the permission, if such be required, of this Court to join in the action now pending in the New York Supreme Court, or to bring such action as he may be advised.

■ The injunction prayed for will be granted enjoining and restraining each and all of the claimants from proceeding to collect their said claims, except in bankruptcy, unless it shall be found by this Court that any of claimants are adverse claimants, in which event the injunction and restraining order shall be vacated as to such claimant, or claimants, only.

■ As it may be that this Court will find that one, or more of the claimants are adverse claimants, whose rights must be determined in a plenary action, the trustee is directed not to take all necessary proceedings to obtain the said award with interest until it shall be determined by this Court whether the claims of the opposing

claimants, or any of them, are adverse or merely colorable.

Many questions have been discussed in the briefs of the respective parties, which will properly come before the referee, and should not be determined at this time.

Some question has been raised as to good faith in making this application, which requires no consideration at my hands. The decision I have arrived at on the motion protects the rights of all.

As Referee FREY has disqualified himself as to this motion, the questions arising herein will be referred to Theodore Stitt, Esq., referee in bankruptcy, to hear and report to this Court with all convenient speed.

Settle order on notice in accordance with this opinion.